### Edward Erskine and another v. John Messicar.

*Statute of limitations construed.* Under our statute of limitations of personal' actions (*Comp. L. 1857, ch. 165*) a cause of action which accrued in Canada upon a promissory note in favor of a Canadian resident who has never been within the United States, is not barred by the defendant's residing more than ten years in this state; the disability of absence from the United States under the statute (§ *5366*) applies to such a case, and prevents the limitation from running.

*Heard April 12. Decided April 15.*

Error to St. Clair Circuit.

*A. E. Chadwick,* for plaintiffs in error.

*O'Brien J. Atkinson,* for defendant in error.

CAMPBELL, J.

The only question in this case is whether a cause of action which accrued in Canada on a promissory note, in

May, 1854, in favor of a Canadian resident who has never been within the United States, against persons who then lived in Canada, but had been in Michigan more than ten years before suit brought, is barred.

It is claimed that by section 7 of the statute of limitations all personal actions must be brought within ten years, if the plaintiff has continued abroad.

That section is as follows: "All personal actions on any contract, not limited by the foregoing sections, or by any law of this state, shall be brought within ten years after the accruing of the cause of action, and not afterwards."

The previous sections had limited actions of assumpsit to six years; and section six contains this specific provision concerning foreigners: "If any person entitled to bring any of the actions *mentioned in this chapter,* shall, at the time when the cause of action accrues, be absent from the United States, such person may bring the action within the times in this chapter respectively limited, after the disability shall be removed."

This is a plain and unequivocal provision, applying as directly to the ten years clause of section 7 as to any other, and declaring in the most express terms that the statute shall not run in case of such a disability. It applies to every action mentioned in the chapter. The subsequent amendments do not reach this case, and their effect need not be considered.

The only case which seems to have raised any doubt upon this subject is *Von Hemert v. Porter, 11 Metc., 210.* That decision contains the following language concerning a similar section in the Revised Statutes of Massachusetts: "And we think it was also designed to embrace those causes of action founded upon contracts originating abroad, between foreigners and our citizens, and which by their terms were to be performed in the country where contracted, when the foreigner never comes into the state, as being cases not contemplated and embraced or affected by the other provisions of the statute, nor limited by the provisions

of the sixth section; and that, as to such contracts, if attempted to be enforced in the courts of the commonwealth, they are to be commenced within twenty years after the cause of action accrued; unless, within that time, the foreigner shall bring himself within the provisions of section 6 by coming into the commonwealth."

As our statutes contained this section before this decision, it has no binding force beyond its reasoning. No reason is given for the conclusion, and if correct, it certainly would revolutionize some of the best established rules of law. The only ground which seems to be hinted at is, that section 6 of the statute was not intended to apply to foreign contracts. But the exemption of persons "beyond seas" has been consistently applied from the earliest times, to such contracts. The idea dimly shadowed out would seem to be, that the limitation bore on the right as well as on the remedy. But no such doctrine has ever been maintained. And it would require us to put into the very clear provisions of the sixth section, saving the rights of non-residents, a *proviso* that the cause of action must have accrued in this state, or in the United States. The language will not bear that restriction.

It is very easy to see that this protection may be unwise, but we cannot find any escape from the statute.

The judgment must be affirmed, with costs.

The other Justices concurred.