W. C. MARRINER v. JOHN L. ROPER LUMBER COMPANY.

*Unaccepted Draft or Order—Agency—Exceptions to Charge.*

1. No liability attaches on an unaccepted order in favor of payee or his assignee against the drawee or his principal.

2. J. & W., contractors for Roper Company, were in the habit of paying off their workmen with orders on one B., who would pay the same and charge them up to Roper Company. Books of blank orders were furnished J. & W. by Roper Company. In an action against Roper Company by an assignee of one of such orders which was unaccepted, it was error to instruct the jury that defendant was liable if the plaintiff had been moved to take an assignment of the order because of his knowledge that such orders had always theretofore been paid by the drawee acting as agent for the defendant, and that defendant had furnished to J. & W. a book of such blank orders to be filled in and signed by J. & W.

3. Exceptions to the charge, although not taken at the trial, can be set out by appellant in his case on appeal. *The Code*, § 412 (3), and Rule 27 of the Supreme Court.

CIVIL ACTION heard, on appeal from Justice of the Peace, before *Bynum, J.,* and a jury, at Spring Term, 1893, of WASHINGTON Superior Court.

There was a verdict for the plaintiff, and from the judgment thereon the defendant appealed.

The facts are sufficiently stated in the opinion of Associate Justice CLARK.

*Mr. A. O. Gaylord,* for plaintiff.
*Mr. W. D. Pruden,* for defendant (appellant).

CLARK, J.: This is an action by the assignee of an unaccepted order against the alleged principal of the drawee. The drawee was one Blount, designated in the order as "Company Store." His habit was to pay in goods all orders drawn on him by Jewett & Wilson which contained the request in the body thereof, " charge to account of John L. Roper Co." At the end of each month these orders would be added up, and Jewett & Wilson would give Blount a draft for the sum thereof upon the defendant, who would be allowed by Blount a discount of twelve and one-half per cent. for paying the same. These orders were given by Jewett & Wilson to such of their hands as they did not pay in cash. The orders did not purport to be signed by them as agents of the Roper Lumber Co. The only evidence from which such agency could be inferred was the request in the order to charge to said company, and the agency was expressly negatived by the evidence of both plaintiff and defendant, which was that the relation of the drawers, Jewett & Wilson, to the defendant was that of contractors sawing and shipping lumber to the said Roper Lumber Co., which was under no obligation to pay such orders, except when indebted to the drawers. It may be that Blount was agent for the defendant; but that is immaterial, as is also 'the inquiry, whether the defendant was indebted to drawers when the order was refused payment by Blount. The order not having been accepted, no liability in favor of payee or his assignee could attach to the drawee nor of course to his

principal. The remedy was by an action against drawers, either on the dishonored order or upon the original count for work and labor done. The Court told the jury that no contract had been shown between the assignee (or payee) of the order and the defendant. But it charged that the defendant was liable if the plaintiff had been moved to take an assignment of the orders because of his knowledge that such orders had always theretofore been paid by Blount, acting for the defendant, and that the defendant had also furnished a book of these printed blank orders, which were filled in and signed by the drawers, Jewett & Wilson. This could give neither the payee nor his assignee any greater claim upon the drawee Blount than the holder of a protested check would have upon a bank because it had always theretofore paid the checks of the drawer, which the holder had therefore taken, believing it good. Nor would it make any difference that the check was filled in upon a printed blank taken from a check book furnished the drawer by said bank. Whether the Roper Lumber Co. was or was not the principal of the drawee, it cannot be made liable since the drawee was not.

As to the objection that exceptions to the charge were not taken at the trial, it has been held sufficient under the statute (*The Code,* § 412 (3), and under Rule 27 of this Court), if they are set out by appellant in preparing his case on appeal. *Lowe* v. *Elliott,* 107 N. C., 718; Clark's Code (2d Ed.), page 383, and cases there cited.

Error.