# CHARLESTON.

### EARL C. COBB *et al* v. BIDDIE A. MOORE *et al.*

Submitted January 11, 1922.    Decided January 24, 1922.

1. WILLS—*Provision Preventing Alienation Void as Against Public Policy.*

   If a will devises land in fee simple but not upon condition precedent upon which the vesting of the title is to depend and there is a clause or provision in such will preventing the alienation of the land, such clause or provision against alienation is repugnant to the estate created and is void as against public policy. (p. 65).

2. SAME—*Devise to Testator's Son With Directions Not to Convey Held Void as in Restraint of Alienation.*

   . A provision in a will, bequeathing and devising real estate in fee to the testator's son, which attempts to prevent aliena-

tion of the fee · as follows: "Frederick Samples (the son) to keep the land in his own possession he is not to sell or convey it to any person or persons if he Frederick Samples does sell or convey the real estate this will is to be null and void otherwise to remain in effect and Caroline Samples (my wife) is to have a home with the one that is in possession of the real estate," is repugnant to the estate created and is void as an unlawful restraint upon alienation, especially where the wife has died prior to the. alienation by the devisee. (p. 65).

Certified Question from Circuit Court, Kanawha County.

Suit by Earl C. Cobb and others against Biddie A. Moore and others.    Demurrer to bill sustained, and question certified from the circuit court.

*Affirmed.*

*Thomas Coleman,* for plaintiffs.
*J. E. Springston,* for defendants.

LIVELY, JUDGE:

The lower court has certified for review its action in sustaining a demurrer to the bill.

The controlling, and practically the only question presented by the record arises over a construction of the will of Harrison Samples.    The clause which gives rise to the controversy is as follows:    "I bequeath *** my real estate to my son Allen for eight years and then and after that time my real estate to belong to my youngest son Frederick Samples and Frederick Samples to keep the land in his own possession he is not to sell or conevy it to any person or persons if the Frederick Samples does sell or convey the real estate this will is to be null and void, otherwise to remain in effect and Caroline Samples (my wife) is to have a home with the one that is in possession of the real estate."    The bill charges that in April, 1908, Frederick Samples conveyed the real estate in question to defendants and thereby rendered the will null and void so far as the devise to him is contained therein, and that the plaintiffs, who are the grand children of Harrison Samples, the testator, inherited the interest in the land of their mother, Susan Cobb, who was a daughter of Harrison Samples.    Defendants assert that a fee simple

estate was devised to Frederick Samples and that the attempted restraint on alienation attached to the fee is null and void as against public policy and that their deed to the land from Frederick Samples conveys to them the fee simple estate. Thus the issue is raised.

Harrison Samples, the testator, died testate in the year 1895, leaving surviving him his wife, Caroline, and seven children, including Susan Cobb, Allen and Frederick Samples. Susan Cobb died in 1899, leaving as her children and heirs the plaintiffs. Allen Samples, to whom the land was given for a period of 8 years, afterwards died, whether during the 8 year period or afterward it does not appear. The will, for some unexplained reason, was not probated until December, 1907. Sometime prior to this date Caroline Samples had died as shown by the probate of the will. The land in controversy consists of 87.5 acres more or less on Porters Creek in Clay County. It appears that the land has become valuable as producing oil and gas and the bill seeks to assert the alleged interest of plaintiffs in said tract of land and prays for an accounting of the rents, issues and profits thereof. Prior to the probate of the will all of the children and heirs of Harrison Samples, except the children of Susan Cobb, the plaintiffs, conveyed all their right, title and interest in the land to Frederick Samples.

It is well settled in this State and in other jurisdictions that where a deed or will grants or devises a fee simple estate by proper and sufficient words, a clause or provision therein which is in restraint of alienation of that fee is void and should be rejected. It is not questioned here that the will devises to Frederick Samples the land in fee; but in the same sentence there is a restriction against alienation. The reason or purpose of this restriction or alienation is not charged or commented on in the bill and no facts or circumstances are there alleged which would throw any light upon the reason or intention of the testator. There seems to have been no attempt to create what is termed a spendthrift trust, no words indicating that it was the intention that the creditors of Frederick Samples could not or should not subject his interest in the land to their debts. There is nothing to indicate that

he was reckless or improvident.    Even if this had been the intention of the testator it is well settled that he could not create a spendthrift trust upon a direct devise of a fee simple estate.    *McCreery* v. *Johnson,* 90 W. Va. 80, decided this term; *Guernsey* v. *Lazear,* 51 W. Va. 328.    But it is argued by plaintiffs' counsel, but not set forth in the bill, that from information received  from the   scrivener who wrote the will it was the intention of the testator to provide a lifetime support in the land for the benefit of Caroline Samples, the widow of the testator, and mother of the devisee; and that irrespective of information aliunde a proper construction of the will is that testator had such intention; and ·that the widow should have a charge upon the land for her maintenance and support and that she should live thereon during her declining years and that therefore the estate devised to the son was in a measure limited and encumbered. Even if it should be held as contended for in plaintiffs' brief that the restraint upon the alienation was based upon the lifetime support of the widow, that reason for the restraint had been terminated and the condition had become inoperative because it is shown by the exhibit filed with the bill that the widow, Caroline Samples, departed this life before the son made the conveyance of the land to the defendant.    The will was probated in December, 1907, and in that probate it appears that the widow, Caroline Samples, had departed this life.    The deed which is attacked by the bill and a copy of which is filed as an exhibit is dated March, 1908.   Furthermore, the bill does not charge that this condition that the son should support and maintain his mother on the farm, if condition it could be called, was not fulfilled by him.    So upon either horn of the dilemma the bill cannot be sustained.

As before stated, it is well settled that restraints on alienation in grants of fee simple estates are repugnant to such estates and void as against public policy.    *Kerns* v. *Carr,* 82 W. Va. 78.    In addition to the authorities there cited by Judge Lynch, the same principle is upheld by the following cases:    *Hill* v. *Gray,* 160 Ala. 273; *Ripperdan* v. *Weldy,* 149 Cal. 667; *Walker* v.   *Shepherd,* 210 Ill. 100; *Pritchard* v. *Bailey,* 113 N. C. 52; and *Bouldwin* v. *Miller,* 87 Tex. 359.

Gray's Restraint on Alienation, p. 21; *Metcalfe* v. *Metcalfe,* 43 Ch. D. 633; *Potter* v. *Crouch,* 141 U. S. 315; Tiffany on Real Prop. (2nd Ed.) p. 2306.

For the reasons given above, we affirm the action of the circuit court in sustaining the demurrer to the bill and so answer the question certified.

*Affirmed.*