**ESTELLE UNDERTAKING CO. v. GRAND LODGE COLORED KNIGHTS OF PYTHIAS OF TEXAS.**

No. 1267.

Court of Civil Appeals of Texas. Waco.
Sept. 15, 1932.

Rehearing Denied Oct. 20, 1932.

R. D. Evans, of Waco, for appellant.
Allan McDonnell, of Waco, for appellee.

BARCUS, J.

This suit originated in the justice court. On appeal to the county court same was tried to the court without a jury. The material facts are uncontroverted. Appellee issued a policy of insurance to Palmer Stamps for $500 payable to his five children who were named as beneficiaries. Palmer Stamps died February 10, 1930. On February 11, 1930, the children named as beneficiaries in said insurance policy in writing assigned and transferred to appellant $192.50 of the amount due them therein from appellee, which assignment was promptly filed with appellee, and the named beneficiaries directed appellee to pay said amount to appellant. Appellee refused to pay the $192.50 to appellant, but instead thereof on March 3, 1930, paid the entire $500 due under the policy to the five named beneficiaries, giving each of them $100. Appellant instituted this suit against appellee to recover said $192.50. The trial court

entered judgment denying appellant any recovery.

Appellee is a fraternal benefit society and the policy of insurance provides that all of the by-laws of the organization shall be a part of said policy. Section 2, article 11, of the by-laws of appellee, provides: "That no subordinate lodge nor any member thereof nor the beneficiary of any member, shall make, execute and deliver any power of attorney directing proceeds, or any portion thereof, of any policy of insurance to be paid to any person, firm or corporation."

The trial court held that, under and by virtue of said by-laws, the assignment made by the beneficiaries named in the policy to appellant was absolutely void and had no binding force or effect upon appellee. The sole question involved in this appeal is, whether the named beneficiaries in the policy had the right or power to assign a portion of the amount due them thereon after the death of Palmer Stamps prior to the time same was paid to them by the insurance company. If the above-quoted portion of the by-laws is an absolute prohibition against the beneficiaries transferring or assigning any part of the money due them under said policy of insurance, and, if so, if same is a valid and legal prohibition, then the judgment of the trial court should be affirmed; otherwise it should be reversed and rendered.

 The law is well settled that, upon the death of the insured, the named beneficiaries have a vested interest in the policy. 45 C. J. 165, and authorities there cited. It is also well settled that, after the death of the insured, the named beneficiaries may assign their interest. 45 C. J. 68; American Ins. Union v. Allen (Tex. Civ. App.) 192 S. W. 1087. The question, therefore, is, whether the quoted portion of the by-laws prohibits the named beneficiaries under said well-settled principles of law from assigning their interest in said policy after the death of the insured. If appellee's construction of the quoted by-laws is correct, then we think same is void and has no binding force or effect because it violates sections 19 and 16 of article 1 of the state Constitution, and section 10, article 1 of the Constitution of the United States in that it deprived the named beneficiaries of their property without due process of law by preventing them from disposing of or selling their vested interest in said matured insurance policy. 9 Tex. Jur. 520 and 541. The law in this state is well settled both by statute and the opinions of our courts that a nonnegotiable instrument may be transferred or assigned. Revised Statutes, article 569; 6 Tex. Jur. 679; 5 Tex. Jur. 22; Sands v. Curfman (Tex. Civ. App.) 177 S. W. 161; Carter v. Eames, 44 Tex. 544. One of the cardinal principles of our law as contained in our state and Federal Constitutions is that parties have the right to make any and all kinds of contracts for lawful purposes relative to their property, and no legislative body or fraternal order can pass a law that will prevent parties from selling or disposing of their property. Parties have a right to contract with relation to their property as they see fit, provided said contracts are not illegal or do not contravene public policy. 10 Tex. Jur. 16; St. Louis Southwestern Ry. Co. of Texas v. Griffin, 106 Tex. 477, 171 S. W. 703, L. R. A. 1917B, 1108; St. Louis, B. & M. Ry. Co. v. Booker (Tex. Civ. App.) 5 S.W.(2d) 856 (error refused); Curlee v. Walker, 112 Tex. 40, 244 S. W. 497.

We recognize the rule that a spendthrift trust estate can be created and a fund be placed in the hands of a designated trustee to be used, controlled, and spent as provided by the creator of the spendthrift trust estate. In our opinion, however, the quoted by-law does not create such an estate.

 We think the title and fee-simple ownership to the money due under the policy became vested in the named beneficiaries immediately upon the death of the insured, and, if this be true, then any provision contained in the insurance policy which undertook to limit the power of the named beneficiaries to assign any portion of said funds after the title became vested in them, was illegal and unenforceable. Bouldin v. Miller, 87 Tex. 359, 28 S. W. 940; Diamond v. Rotan, 58 Tex. Civ. App. 263, 124 S. W. 196; Laval v. Staffel, 64 Tex. 371. Although the policy by virtue of the quoted by-law was payable alone and only to said named beneficiaries, it did not, under the authorities herein cited, prevent them from assigning any portion thereof to appellant after it had matured. Since the transfer and assignment of the $192.50 to appellant was in writing, properly signed and acknowledged by the named beneficiaries, and gave appellant a power of attorney to collect said sum from appellee and authorized appellee to charge same against them, the named beneficiaries, or deduct same from the amount to be paid them under said policy, and since said assignment was filed with appellee and it had actual knowledge thereof at the time it paid the money to the named beneficiaries, said payment to the beneficiaries did not discharge appellee from its duty and obligation to pay appellant said $192.50.

The facts being without dispute and having been fully developed, the judgment of the trial court is reversed, and judgment is here rendered in favor of appellant against appellee for $192.50, with interest from March 3, 1930, the date the company paid said money to the named beneficiaries, at the rate of 6 per cent. per annum, together with all costs of this and the trial courts.