

# IN THE
# TENTH COURT OF APPEALS

## No. 10-08-00327-CV

**NAITH GRIFFIN, JR.,**

                                            **Appellant**

 **v.**

**VIRGIL GRIFFIN,**

                                            **Appellee**

### From the 335th District Court
### Burleson County, Texas
### Trial Court No. 25,001

## MEMORANDUM OPINION

Naith Griffin, Jr. appeals the granting of Virgil Griffin's motions for summary judgment that resulted in the trial court entering a final judgment as to all claims. Naith Griffin, Jr. complains that the motions for summary judgment filed by Virgil Griffin did not include all causes of action, and therefore, the trial court's final judgment which purported to dispose of all claims was erroneously final. Naith Griffin, Jr. also complains that the granting of the traditional and no-evidence motions for summary judgment filed by Virgil Griffin was erroneous and that Naith Griffin, Jr. was entitled to summary judgment on his no-evidence motions. Because we find that the trial court's

judgment was final, but erroneously so, we reverse and remand to the trial court for further proceedings the claim to set aside the 1986 deeds, the partition claim, and the declaratory judgment actions and trespass to try title claims insofar as they relate to the present ownership of the real property. We affirm the judgment of the trial court in all other respects.

### *Final—Erroneous, But Final*

Virgil Griffin filed a petition against Naith Griffin, Jr. asserting a cause of action for trespass to try title and seeking a declaratory judgment as to ownership of a piece of real property. Naith Griffin, Jr. initially filed counterclaims against Virgil Griffin alleging that Virgil Griffin's claims were brought in bad faith and for harassment, for trespass to try title with a request for reimbursement for rents, profits, and damages, and seeking a declaratory judgment regarding ownership. In an amended pleading filed four days before the summary judgment hearing, Naith Griffin, Jr. added claims to set aside the 1986 deeds which conveyed the property to Virgil Griffin and for partition of the real property, to include an accounting.

Approximately four months before the amended petition adding the new causes of action was filed with the trial court, Virgil Griffin filed a traditional and no-evidence motion for summary judgment, asserting in the traditional motion that he established his ownership and right to possession of the property as a matter of law, that a provision contained in a 1956 deed was void as an impermissible restraint on alienation, and for attorney's fees. In the no-evidence motion, Virgil Griffin asserted that Naith Griffin, Jr. could not provide any evidence of title in Naith Griffin, Jr.'s name to support

the trespass to try title and declaratory judgment claims that Naith Griffin, Jr. had filed. Additionally, the no-evidence motion averred that Naith Griffin, Jr.'s claims for bad faith and harassment are "wholly unsupported, without evidence, and nonsensical."[1]

Neither the traditional motion for summary judgment nor the no-evidence motion for summary judgment address the issue of the claim to set aside the 1986 deeds or the partition action. Virgil Griffin asserts that the order granting judgment in his favor encompassed Naith Griffin, Jr.'s claims by its language that stated that Virgil Griffin owned the property, that Naith Griffin, Jr. did not have any interest in the real property, and the trial court's language that "[t]he Court expressly denies all relief not expressly granted herein," "[t]his judgment finally disposes of all parties and claims and is appealable," and "[i]t is further ORDERED that Defendant Naith Griffin, Jr. take nothing, and that the Plaintiff be granted the relief set forth herein" indicate that the trial court's decision was intended to be final.

The Texas Supreme Court has stated that "if a defendant moves for summary judgment on only one of [multiple] claims asserted by the plaintiff, but the trial court renders judgment that the plaintiff takes nothing on all claims asserted, the judgment is final--erroneous, but final." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001). Accordingly, the trial court's judgment was a final judgment encompassing all of both parties' claims; but because the claim to set aside the 1986 deeds and the partition claim were not addressed in Virgil Griffin's motion, judgment on those claims was erroneous.

---

[1] Naith Griffin, Jr. does not challenge the sufficiency of the pleadings of the no-evidence motion in this appeal.

*Id.*; *see also Jacobs v. Satterwhite*, 65 S.W.3d 653, 655 (Tex. 2001) (*citing Black v. Victoria Lloyds Ins. Co.*, 797 S.W.2d 20, 27 (Tex. 1990) ("A summary judgment movant may not be granted judgment as a matter of law on a cause of action not addressed in a summary judgment proceeding.").  We sustain Naith Griffin, Jr.'s first issue.

### Judgment on Claims Properly Addressed

However, we must also determine whether the summary judgment was correctly granted as to the other claims.  *Jacobs*, 65 S.W.3d at 653 (error to reverse and remand as to all claims when all were not raised in appeal).

### Standard of Review

We review the trial court's granting of a motion for summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).  The movants in a traditional summary judgment motion must show that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law.  *See* TEX. R. CIV. P. 166a(c).  When reviewing a summary judgment, we take as true all evidence favorable to the nonmovants, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor.  *Valence Operating Co.*, 164 S.W.3d at 661.  Once the movants establish their right to a judgment as a matter of law, the burden shifts to the nonmovants to present evidence raising a genuine issue of material fact, thereby precluding summary judgment.  *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678-79 (Tex. 1979).  Evidence is conclusive only if reasonable people could not differ in their conclusions.  *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005). When the trial court does not specify the grounds upon which it ruled, the summary

judgment may be affirmed if any of the grounds stated in the motion is meritorious. *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005).

A no-evidence summary judgment motion is treated as essentially a pretrial directed verdict. *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997). After an adequate time for discovery has passed, a party without the burden of proof at trial may move for summary judgment on the ground that the nonmoving party lacks supporting evidence for one or more essential elements of its claim. *See* Tex. R. Civ. P. 166a(i); *Espalin v. Children's Med. Ctr. of Dallas*, 27 S.W.3d 675, 682-83 (Tex. App.—Dallas 2000, no pet.). The moving party must file a motion that specifies which elements of the nonmoving party's claim lack supporting evidence. Tex. R. Civ. P. 166a(i). If the motion is alleged to be deficient, the nonmoving party must challenge the inadequacy of the motion in their written response to the motion or in some other pleading. *Williams v. Bank One*, 15 S.W.3d 110, 117 (Tex. App.—Waco 1999, no pet.). *See Westchester Fire Ins. Co. v. Alvarez*, 576 S.W.2d 771, 773 (Tex. 1978). Once a proper motion is filed, the burden shifts to the nonmoving party to present evidence raising any issues of material fact on the challenged elements. *Murray v. Ford Motor Co.*, 97 S.W.3d 888, 890-91 (Tex. App.—Dallas 2003, no pet.). We review the evidence in the light most favorable to the party against whom the summary judgment was rendered. *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 208 (Tex. 2002).

A no-evidence motion for summary judgment is properly granted if the non-movant fails to bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact as to an essential element of the non-movant's claim on which the

non-movant would have the burden of proof at trial. *See* TEX. R. CIV. P. 166a(i); *Merrell Dow Pharms. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997). If the evidence supporting a finding rises to a level that would enable reasonable, fair-minded persons to differ in their conclusions, then more than a scintilla of evidence exists. *Havner*, 953 S.W.2d at 711. A scintilla of evidence exists when the evidence is "so weak as to do no more than create a mere surmise or suspicion" of a fact, and the legal effect is that there is no evidence. *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983).

### *Declaratory Judgment*

In his original petition, Virgil Griffin's second claim sought a declaratory judgment determining that he is the lawful owner of the real estate in question and a finding that he was entitled to immediate possession of the property pursuant to Section 37.004 of the Texas Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE ANN. § 37.004 (Vernon 2008).

### *Provision in Deed at Issue*

The primary controversy surrounds the interpretation and enforcement of a provision in a deed. In 1956, Naith Griffin, Sr. and his wife, Effie Griffin, executed a warranty deed purporting to convey real property to Naith Griffin, Sr.'s parents, Ira Griffin and Ollie Griffin. The deed contained the following provision that is at the center of this controversy:

> "But the above <u>covenant</u> is subject to the conveyance hereby made by the said Ira Griffin and Ollie Griffin, and upon the condition that the above described land and premises may not be sold by the said Ira Griffin, or the said Ollie Griffin, or both of them, for and during the natural lives of the said Ira Griffin and Ollie Griffin, and the natural life of the survivor of

them, and any instrument other than a will or other testamentary document, which purports to sell or convey the above described premises, or any part thereof, during the lives of Ira Griffin and Ollie Griffin, and during the life of the survivor of them, shall be *ab initio* null and void, and of no force and effect whatsoever." (emphasis in original).

Then, in a series of transactions in 1986, Ira Griffin executed two gift deeds conveying his entire interest in the property to Virgil Griffin. The first deed was executed prior to Ollie Griffin's death whereby Ira Griffin conveyed his interest in the property to Virgil Griffin. Then, after Ollie Griffin's death and the probate of her will, Ira Griffin executed a deed to Virgil Griffin conveying the interest that he had received as a bequeath in Ollie Griffin's will, which resulted in the entire interest being conveyed to Virgil Griffin.

Virgil Griffin contends that the 1956 deed purports to convey fee simple title and that the quoted provision is an impermissible restraint on alienation and therefore, is void and has no effect. Naith Griffin, Jr. argues that the deed purports to convey only a life estate and that the impermissible restraint on alienation, if any, merely relates to the conveyance of the life estate granted by the deed. The conveyance of the life estate, if proper, would terminate on the death of the grantees, Ira Griffin and Ollie Griffin. Naith Griffin, Jr. also contends alternatively that the deed is ambiguous as to the intent of the grantors and therefore extrinsic evidence should be admissible and that a fact question has been raised regarding the intent of the grantors.

### Restraint on Alienation

Since 1890, the United States Supreme Court has held that the right of alienation is an inherent and inseparable quality of a fee simple estate. *Potter v. Couch*, 141 U.S.

296, 315, 11 S. Ct. 1005, 1010, 35 L. Ed. 721 (1890). This principle has been considered well-settled in this state prior to 1909. *See Diamond v. Raton*, 58 Texas Civ. App. 263, 267, 124 S.W. 196 ("That a general restraint upon the power of alienation, when incorporated in a deed or will otherwise conveying a fee-simple right to the property is void, is now too well settled to require discussion." (internal citations omitted)).

The language of the provision is unique and certain aspects of it may be less than clear. But when the clause prohibiting conveyance of the property during their lifetime and the clause giving the right to dispose by will or other testamentary document are considered together, it is evident that the grantor tried to prevent the grantees from having the ability to dispose of the property during their lifetime. Such a limitation on the ability to convey what is otherwise a fee simple conveyance is void. *Frame v. Whitaker*, 120 Tex. 53, 36 S.W.2d 149, 151 (1931); *Laval v. Staffel*, 64 Texas 370; *Bouldin v. Miller*, 87 Texas 359, 28 S.W. 940; *Hamilton v. Jones*, 32 Texas Civ. App. 598, 75 S.W. 554.

We hold that the complained-of provision in the 1956 deed was an impermissible restraint on alienation during the life of Ira Griffin and Ollie Griffin, and was therefore, void.

### *Life Estate or Fee Simple?*

We must then determine whether Virgil Griffin established, as a matter of law, that the deed conveyed fee simple title to Ira Griffin and Ollie Griffin or whether Naith Griffin, Jr. either established as a matter of law or raised a fact question that the deed conveyed merely a life estate. We think that this deed, when viewed and construed in its entirety, clearly evidences the purpose to convey the fee simple title to the land to Ira

Griffin and Ollie Griffin. The general language of the deed, including the title as a general warranty deed, the words "grant, sell, and convey," and "[to have and to hold] the above described premises, …, unto the said Ira Griffin and Ollie Griffin, their heirs and assigns forever," indicate an intent to convey fee simple title to Ira Griffin and Ollie Griffin. *See O'Connor v. Thetford*, 174 S.W. 680 (Tex. Civ. App.—San Antonio, 1915, writ ref'd). Further, the language in the restriction on alienation contains language that the property could not be sold, but that "any instrument other than a will or other testamentary document" conveying the real property would be void. It does not, however, contain any condition for what would happen to the property in the event Ira Griffin or Ollie Griffin attempted to convey it prior to their deaths. We do not find that the deed is ambiguous. We find that Virgil Griffin established, as a matter of law, that the deed conveyed fee simple title to Ira Griffin and Ollie Griffin, and that Naith Griffin, Jr. did not present summary judgment evidence raising a genuine issue of material fact. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678-79 (Tex. 1979). We do not find that the evidence presented by Naith Griffin, Jr. regarding his purported ownership of the property rises to a level that would enable reasonable, fair-minded persons to differ in their conclusions. *Havner*, 953 S.W.2d at 711. Consequently, we do not find that Naith Griffin, Jr. established that there was a conveyance of a life estate as a matter of law or that his summary judgment evidence raises a fact issue in regard to the 1956 deed. We find that the trial court properly granted the motion for summary judgment on the declaratory judgment claims in favor of Virgil Griffin, but only insofar as the trial court determined that the deed restriction was void, that the property was

conveyed in fee simple to Ira Griffin and Ollie Griffin, and therefore, they had the right to convey the property.

*Trespass to Try Title*

A trespass to try title action is a procedure by which claims to title or the right of possession may be adjudicated. *Rogers v. Ricane Enterprises, Inc.*, 884 S.W.2d 763, 768, 37 Tex. Sup. Ct. J. 995 (Tex. 1994). The plaintiff in a trespass to try title action must recover, if at all, on the strength of its own title and not on the weakness of the defendant's title. *Rogers*, 884 S.W.2d at 768; *Adams v. Rowles*, 149 Tex. 52, 56, 228 S.W.2d 849, 853 (1950). The plaintiff has the burden to establish superior title by showing it has: (1) title emanating from the sovereignty of the soil; (2) a superior title in itself emanating from a common source to which the defendant claims; (3) title by adverse possession; or (4) title by earlier possession coupled with proof that possession has not been abandoned. *Rogers*, 884 S.W.2d at 768; *see also Land v. Turner*, 377 S.W.2d 181, 183, 7 Tex. Sup. Ct. J. 237 (Tex. 1964).

Naith Griffin, Jr. does not challenge the granting of the traditional motion for summary judgment as to the trespass to try title claims beyond his challenge to the ownership of the property; therefore, other than the determination regarding the interpretation of the 1956 deed, the judgment has not been challenged. However, when a claim that affects the ultimate determination of ownership of the land has not been properly included in the order granting the summary judgment, the summary judgment as to the trespass to try title causes of action is also improper. The determination of the validity of the 1986 deeds, which affects the ultimate

determination of the present ownership of the land, must be decided prior to the final determination of the trespass to try title claims. We sustain the portion of Naith Griffin, Jr.'s second issue complaining of the granting of the motion for summary judgment regarding the trespass to try title claims only as that issue relates to the ultimate issue of the present ownership of the real property. The other elements of the trespass to try title suit have not been challenged in this appeal and therefore, are affirmed. *See* TEX. R. APP. P. 38.1.

### Bad Faith and Harassment

Naith Griffin, Jr. claimed that the pleadings filed by Virgil Griffin were filed in bad faith and for the purposes of harassment. In his third issue, Naith Griffin, Jr. complains that the trial court erred in granting Virgil Griffin's no-evidence motion for summary judgment on this claim. However, he presents no authorities in support of this contention, nor does he provide appropriate citations to the record.[2] We find this portion of Naith Griffin, Jr.'s third issue to be inadequately briefed, and therefore, waived. *See* TEX. R. APP. P. 38.1(i).

### Conclusion

We find that the trial court erred in dismissing claims that were not included in Virgil Griffin's motions for summary judgment, and as such, that this judgment is erroneously final. We find that the trial court did not err in granting Virgil Griffin's traditional and no-evidence motions for summary judgment only insofar as they related

---

[2] Naith Griffin, Jr.'s citations to the record on this issue are "Defendant's Response and First Amended Response and Counter-Motion, C.R. 6 and 8, Tabs A and L." The other citations to the record are the same except they reference tabs B, Q, and R. These documents cover approximately 350 pages in the clerk's record.

to the interpretation of the 1956 deed, as to Naith Griffin, Jr.'s claims for bad faith, harassment, and to the declaratory judgments as it relates to the interpretation of the 1956 deed.  We affirm the trial court's judgment in those regards.  We find that the claims regarding the 1986 deeds, the partition claim, and ultimately, the determination of the present owner of the property as it relates to both parties' declaratory judgment claims and their respective trespass to try title claims, are reversed and remanded to the trial court for further proceedings in accordance with this opinion.


                              TOM GRAY
                              Chief Justice

Before Chief Justice Gray,
        Justice Reyna, and
        Justice Davis
Affirmed in part, Reversed and remanded in part
Opinion delivered and filed January 13, 2010
[CV06]