REESE *v.* HUGHES.[*]

(Division A. Oct. 18, 1926.)

[109 So. 731. No. 25822.]

1. ANIMALS.
   Fox being animal wild by nature, property right therein can be acquired only by reducing it to possession and keeping it, if alive, in custody.

2. ANIMALS.
   Owner of wild animal, tamed to extent that it will recognize home provided, does not lose property rights by temporary departure of animal from immediate control.

3. ANIMALS.
    Evidence *held* not to show that fox had been so tamed that owner
    did not lose property rights therein on his escape.

4. EVIDENCE.
    Judicial notice will be taken of fact that all foxes do not have
    *animum revertendi.*

*Corpus Juris-Cyc References: Animals, 3CJ, p. 19, n. 53, 60; p. 20,
n. 72; p. 21, n. 75; p. 23, n. 8. Evidence, 23CJ, p. 154, n. 37. Escape
of wild animals as defeasance of property rights, see 1 R. C. L. 1066;
1 R. C. L. Supp. 321.

APPEAL from circuit court of Monroe county.
HON. C. P. LONG, Judge.
Replevin suit by Henry Hughes against J. P. Reese.
Judgment for plaintiff, and defendant appeals. Reversed
and judgment rendered.

*Paine & Paine,* for appellant.

A fox is an animal *ferae naturae.* Wild animals be-
long to no one in particular; yet they become the quali-
fied property of any one who subjects them to his pos-
session or power. This qualified property thus acquired
continues in the captor while possession or control is
maintained or until the animal becomes so far domesti-
cated that it will not voluntarily leave without the *ani-
mus revertendi.* When this point is reached, the quali-
fied has ripened into absolute property. But if the an-
imal escapes and regains its natural freedom, without
the mind to return, the captor's title is wholly lost and
any other person may rightfully take the fugitive, there-
by acquiring the same qualified property possessed by
the first captor. *Graves* v. *Dunlap,* Ann. Cases 1917-B 945
and note; Blackstone's Commentaries, Cooley's Ed., pp.
390-95 and note, and also p. 404; 2 Kent's Commentaries
pp. 348-358; *Ex Parte Louis Fritz,* 86 Miss. 218; *Greer*
v. *State of Conn.,* 16 U. S. Sup. Ct. 603. See also 2 Bou-

vier's Law Dictionary 1027; 1 Bouvier's Law Dictionary (3 Ed.), 195; 1 R. C. L. 1063; Smith on Personal Property, p. 58, sec. 37; *Harper* v. *Galloway,* 58 Fla. 255; *Aldrich* v. *Wright,* 16 Am. Rep. 339; *James* v. *Wood,* 82 Me. 173; *State* v. *Theriault,* 70 Vt. 617, 67 A. S. R. 695.

If an animal *ferae naturae,* such as a fox, has escaped and is running at large; that is, straying about without restraint or confinement, any person, "be he peasant or king," has the right to kill and the possession of the animal belongs to the killer. *Morgan* v. *People,* 103 Ill. App. 257.

The uncontroverted facts in this case show this particular fox did not have the "mind to return." Therefore, when it escaped and regained its natural liberty, it became the property of the person capturing it or killing it, and the appellee lost his qualified property rights in the pelt.

The case should be reversed and judgment rendered.

*Young & Coleman,* for appellee.

Both courts below were correct in awarding the fox skin to the plaintiff in replevin. No one disputes that the fox killed was the fox of appellee here and that, therefore, the hide is the property of J. P. Reese. Justly and fairly the skin belongs to appellee, but they try to take it away from him on the far-stretched theory that the animal in question was *ferae naturae;* that is, a wild animal roaming in the woods and belonging to any one who might fell him. The proof does not show this fox to be an animal classed as wild by nature—*ferae naturae*—but on the contrary, it is shown that it was domesticated and that its species was so treated in its native Canada. 2 Lewis Edition of Blackstone, ch. 25.

Counsel for appellant seem to contend that the main question here is the *animus revertendi.* How can they say that the male out on a scampering of liberty, leav-

ing his mate and their young ones, has not the mind to return? We know this element is strong in all the animal kingdom. Even cows, horses and other live stock stay away from home and do not have the mind to return, yet they do not lose the distinction of being domesticated animals.

This pair of foxes cost about one thousand dollars and this is a skin case, in which we are merely asking for our own hide, and surely this court will not take our skin and hide off us and give it to this darkey for the mere trifle of ruining the pelt by shooting it twice and filling it full of bullets.

There are no silver foxes in this country and for that reason it was not in its wild state here, if it was wild at all. Unlike rabbits and other native wild life, it was a stranger in a strange land. If you saw a polar bear in the woods in Monroe county or anywhere else in Mississippi, would you say it was wild here and you could pursue and take it for your own? The animals in shows could be taken under the same theory in case they escaped. We have no reason to believe that such an animal belongs to us unless it is in its native territory and commonly running wild and subject to be taken by any one who can. On this theory the case of the appellant is exploded.

Argued orally by *Geo. C. Paine,* for appellant.

SMITH, C. J., delivered the opinion of the court.

This is a suit in replevin by the appellee to recover a fox hide of which the appellant is in possession and which the appellee claims.

At the close of the evidence, the appellant, the defendant in the court below, asked the court to direct the jury to return a verdict in his favor, whereupon the presiding judge announced that the question presented was

one of law only, and was therefore a question for his and not the jury's decision; that he would take the case under advisement and render judgment in vacation. This action of the court was excepted to by the defendant, but is not here assigned for error. The case was decided by the trial judge in vacation, and a judgment was rendered by him for the appellee, the plaintiff in the court below. The right of the trial judge to render this judgment in vacation is not here challenged, the appellant's complaint being that the judgment rendered should have been for him and not for the appellee.

The evidence discloses that the appellee imported two silver gray foxes, a male and a female, from Canada, for breeding purposes, and kept them confined in a pen floored and inclosed by a plank wall five feet high; that, about six months after being placed in this pen, the male fox "gnawed out," escaped, and was not thereafter seen in that vicinity. Some days after he was killed by the appellant in a pine thicket twelve or fifteen miles away from the place where he had been confined by the appellee. The appellant skinned the fox, preserved his hide, and it was thereafter seen and (we will assume) identified by the appellee. After the fox escaped, the appellee set a number of traps for him near the place where he had been confined.

A fox is an animal "wild by nature," and in such an animal a qualified property right can be acquired by reducing it to possession and keeping it, if alive, in custody. If a captured wild animal is so tamed that it loses its wild nature to such an extent that it will recognize the home provided for it by its owner, and has, when absent from it *animum revertendi,* or the intention of returning thereto, a temporary departure by it from the immediate control of its owner does not terminate his property rights therein. 2 Blackstone, original, p. 392; Cooley's 4th Ed., vol. 1, p. 743; 1 R. C. L. 1066; 3 C. J. 20.

The evidence here not only does not disclose that this fox had been so tamed as to recognize the home provided for him by the appellee and intended to return thereto, but, on the contrary, negatives the existence of such facts. It is true that the appellee testified that the fox "was tame," but his dealing with the fox shows to the contrary; and it is also true that he testified that:

"They are supposed to come back after they once get out; one of my neighbors had one to get out and he came back."

If he intended by this to say (which we doubt) that all fox have *animum revertendi,* the contrary is so well and universally known that the court will take judicial knowledge thereof.

The judgment of the court below will be reversed, and judgment here will be rendered for the appellant.

*Reversed and judgment here.*