(No. 5575. February 26, 1931.)

MARY L. KESLER, F. B. DAVIS and MYRTLE L. DAVIS, Appellants, v. C. S. JONES, Respondent.

[296 Pac. 773.]

F. M. Kerby and Wm. M. Morgan, for Appellants.

L. L. Burtenshaw, for Respondent.

GIVENS, J.—Appellants were jointly engaged under proper permit from the state in the business of raising fur-bearing animals. Under their agreement Mr. and Mrs. Davis had the care, custody and possession of one cross-bred fox named "Eva," the property of the other appellant. Sep-

tember 24, 1928, Eva escaped from her pen and was on a marauding foray in the village of McCall, among the chickens of Mrs. White, a near neighbor, who called to her assistance another neighbor, Dr. Jones, who shot and killed the fox, as the court found, not knowing that it had escaped from captivity or was the property of appellants. Dr. Jones refused on demand by appellants to give up possession of the pelt. Whereupon appellants unsuccessfully sued for the alleged unlawful killing of the fox and the retention of the pelt.

Appellants contend that respondent knew, or should have known, that "Eva" had escaped from captivity and was not a wild fox, and that under the circumstances he had no right to kill her. The court was justified, however, in concluding from the evidence that Dr. Jones, acting for Mrs. White, did no more than a reasonably prudent person has a right to do, under reasonably apparent necessity, in the protection of his own property or his own premises against trespassing wild animals. (*State v. Churchill*, 15 Ida. 645, 16 Ann. Cas. 947, 98 Pac. 853, 19 L. R. A., N. S., 835; *Helsel v. Fletcher*, 98 Okl. 285, 33 A. L. R. 792, 225 Pac. 514; *Drolet v. Armstrong*, 141 Wash. 654, 252 Pac. 96 (the concurring opinion herein cited a statute but the majority opinion was evidently based on the common law); 3 C. J. 155, 158). The fox in question could hardly be termed a domestic animal, but the above authorities sustain the rule irrespective of the class, wild or tame.

Respondent justified retention of the pelt on the ground that when wild animals escape from their owner and return to their primitive state of natural liberty, without intent to return (as found herein), they may be taken and possessed by anyone, citing 1 R. C. L. 1066, and cases cited. An exception to such rule supported by authority is recognized in the text, page 1067, to this effect:

"But even where the inference that escaping wild beasts have *animum revertendi* could probably not be indulged in fairly, as where the wild animals of a menagerie escape from

their owner's immediate possession, it is hardly to be expected that the courts would hold that they would therefore belong to the first person who should subject them to his dominion. Rather it would seem that the courts would be constrained to hold that they had not so sufficiently or completely regained their original state of natural liberty as completely to destroy their status as property.''

Such is the law applicable here. ''Eva'' had formerly escaped and been recaptured; she had been out of her pen but a short time; her owners were in pursuit, she was killed but a short distance from her pen, and the court found she belonged to appellants, hence was satisfied as to her identity (3 C. J. 21, note 73) ; and appellants were entitled to her pelt. The authorities cited in the above text, page 21, note 75, are distinguishable, among various grounds, on the facts, i. e., no prompt pursuit or identification. *Stephens & Co. v. Albers,* 81 Colo. 488, 52 A. L. R. 1056, 256 Pac. 15, a case squarely in point, supports the conclusion herein and distinguishes *Campbell v. Hedley,* 39 Ont. Law Rep. 528, though it would seem that *Campbell v. Hedley, supra,* sustains the above exception where there is pursuit and identification even though no *animum revertendi.* In *Hughes v. Reese,* 144 Miss. 304, 109 So. 731, there was no close pursuit and only assumed identification.

The judgment is affirmed in part, reversed in part and the cause remanded for a new trial as to the value of the pelt. Costs awarded to appellants.

Lee, C. J., Varian and McNaughton, JJ., and Koelsch, D. J., concur.