## A. C. JOHNSON V. C. A. ELMEN ET AL.

### Decided June 7, 1900.

**Deed—Parol Evidence of Consideration—Warranty Against Incumbrances.**

Appellant conveyed certain city lots to appellee, receiving in part exchange a tract of land subject to a vendor's lien the payment of which appellant agreed to assume, but at his request mention thereof was omitted from the deed to him, which was thereupon drawn and executed by appellee in the usual form of a warranty deed, reciting only the cash part of the consideration, and carrying the warranty against incumbrances implied under the statute from the use therein of the words "grant and convey." Appellant having failed to pay off the lien on the land, it was foreclosed and the land sold thereunder to another and thereby lost to appellant, who then sued appellee to cancel the deed of the city lots for failure of consideration and to recover that property. Held, in such action, that although it would contradict the warranty against incumbrances, yet parol evidence was admissible to show that part of the consideration of the deed of the land by appellee was the assumption by appellant of the vendor's lien, and that by reason thereof the consideration had not failed. GARRETT, Chief Justice, dissenting.

APPEAL from Harris. Tried below before Hon. WILLIAM H. WILSON.

*Baldwin & Meek,* for appellant.

*H. H. MacNickoll,* for appellees.

PLEASANTS, ASSOCIATE JUSTICE.—Appellant brought this suit to recover of appellees certain real estate situate in the city of Houston, and for damages, and to cancel a deed executed by appellant to appellee conveying the property sued for, on the ground that the consideration for said deed had failed. The case was tried by the court below without the aid of a jury and judgment rendered in favor of appellees, from which judgment this appeal is prosecuted. The trial court, on motion of appellant, filed its conclusions of fact, from which we deduce the following statement of the material facts in the case.

On the 15th day of September, 1897, appellant was the owner of lots 5 and 6 in block 17 of the Fair Ground addition to the city of Houston, which property was at that time and at the time of the trial of this cause in the court below worth about $3000, and was incumbered with a lien to secure an indebtedness of $2000. On the said 15th day of September, the appellee, C. A. Elmen, was the owner of a tract of 320 acres of land in Harris County, worth at that time and at the time of

trial in this cause, about $1500. The 640-acre tract of land of which this 320 acres is a part was at that time incumbered by a vendor's lien to secure two notes of $250 each, besides interest and attorney's fees. About this time appellant, through his duly authorized agent and attorney, Stewart Johnson, commenced negotiations with said appellee with a view of trading him the lots above mentioned for the 320 acres of land, and on said date it was verbally agreed between the parties that the said C. A. Elmen would convey to appellant the 320 acres of land subject to said incumbrance, and that appellant would convey to said Elmen the lots above mentioned and pay him $700 in consideration of the conveyance of said land, said lots to be also conveyed subject to said lien of $2000, each of said parties agreeing to accept the property conveyed subject to the liens before mentioned. In pursuance of this agreement Elmen prepared a deed conveying the 320 acres of land to appellant, which deed recited a consideration of $700 cash in hand paid, the conveyance of the lots by Johnson, and the assumption by Johnson of the payment of the vendor's lien notes upon the land. Johnson did not accept this deed, and stated that he did not want the vendor's lien notes mentioned in the deed, as he intended to pay them off in the next ten days, and that he would prepare a deed for Elmen to execute. Thereupon the said Stewart Johnson prepared deeds for both parties which were by them executed, and the deed prepared by Elmen was destroyed. The deeds executed by the parties were each general warranty deeds, and each contained the words, "have granted, bargained, sold, and conveyed, and do by these presents grant, bargain, sell, and convey." The deed from Elmen to Johnson recited the consideration to be $700 and the exchange of other property, and made no reference to the vendor's lien notes before mentioned. The deed from Johnson to Elmen recited that the lots were conveyed subject to the $2000 lien. The appellant Johnson agreed and promised appellee that he would pay the vendor's lien notes, and his assumption of these notes was a part of the consideration, for the conveyance to him by appellee of the 320 acres of land. On the day after the execution of these deeds the appellant mortgaged the 320 acres of land to secure notes for the sum of $2000, which notes and mortgage have never been paid or satisfied in any way.

Appellant failed to pay the vendor's lien notes on the 320 acres of land, and on the 21st of January, 1897, W. C. Corbett, who was the owner and holder of the notes, filed suit thereon and recovered a judgment foreclosing his lien for the sum of $644.49. Appellee Elmen was not made a party to this suit, but appellant was one of the parties defendant therein and failed to answer or make any defense to said suit. Under this judgment of foreclosure the 320 acres of land were sold and bought in by Corbett, and appellant was thereby ousted from possession and divested of the title of the same. Appellant was unable to pay said vendor's lien notes at their maturity, and appellee C. A. Elmen refused to pay same because of their assumption by Johnson. The appellee Jo-

hanna W. Elmen is the wife of C. A. Elmen, and was at the date of the execution of said deeds. The $700 cash consideration recited in the deed to appellant was not in fact paid in cash, but a disputed claim of appellant's against C. A. Elmen for about $700 was settled in favor of appellant and was canceled upon the execution of the deed by said Elmen.

Appellant by his several assignments of error presents but one question to this court, which is, did the trial court err in allowing appellee to show by parol evidence that as a part consideration for the conveyance of the land by appellee Elmen the appellant assumed and promised to pay the vendor's lien notes due Corbett? It is a well established and long recognized principle of law that parol evidence is admissible to show the real consideration for a deed, and in an action on the warranty between the original parties to the instrument the recital in the deed of the amount of the consideration is not conclusive, nor is it necessary that allegations of fraud, accident, or mistake should be made to account for the failure to express the full consideration in the instrument. This is a common law rule and is as well established as is the general rule that parol evidence is inadmissible to contradict or vary the terms of a written instrument. 2 Whart. on Ev., p. 1044; Greenl. on Ev., secs. 284a-285; Hitz v. Bank, 111 U. S., 725; McLean v. Ellis, 79 Texas, 398; Allison v. Pitkin, 11 Texas Civ. App., 655; Taylor v. Merrill, 64 Texas, 494; Womack v. Wamble, 7 Texas Civ. App., 273; Garrett v. Robinson, 43 S. W. Rep., 288; Lanier v. Foust, 81 Texas, 186.

Appellant concedes that the general rule as to the admission of parol evidence to show the real consideration for a deed is as above stated, but contends that the rule can not be so far extended as to admit such proof when to do so would not only contradict and vary the recital of consideration in the deed, but would also contradict and destroy the covenant of warranty against incumbrances. This exact question, so far as we have been able to ascertain, has not been been decided by the courts of this State, and the decisions of the courts of other States upon the subject are conflicting, the weight of authority probably being in support of appellant's contention.

It is well settled that parol evidence is not admissible to contradict the warranty of title in a deed conveying land, because to admit such evidence would be to destroy the effect of the deed. This was decided in the case of Bigham v. Bigham, 57 Texas, 238, which case appellant insists establishes the rule contended for by him. We think the Bigham case is clearly distinguished from the case at bar. The true consideration for the deed was not an issue in that case, but the question was whether or not a deed which purported to convey land with general warranty of title could be shown by parol evidence to be merely a quitclaim of the grantor's title or claim to the land. To have allowed the grantor in such case to make such proof by parol evidence would have had the effect of destroying the deed as a conveyance of land, and for this purpose parol evidence was held to be inadmissible. In the case at bar the warranty against incumbrance is not destroyed by the admission

of parol evidence to show that the agreement of appellant to pay a certain indebtedness upon the land was a part of the consideration for the deed. That warranty remained in full force and effect except as to the specific incumbrance the payment of which by appellant was a part of the consideration agreed by him to be paid for the land.

In the case of Beitel v. Dobbin, 44 Southwestern Reporter, 299, Judge Neill uses the following language: "When one makes a purchase subject to a mortgage and promises as a part of the consideration to pay the mortgage, and retains the amount due on it out of the purchase price, he is liable in an action by the mortgagee, upon the principle that when a person makes a promise to another for the benefit of a third person, such third person may maintain an action thereon, and such promise, though verbal, is not within the statute of frauds." This proposition is sustained by the following authorities: Loan Association v. Atterberry, 16 Texas Civ. App., 222; Jones on Mort., 750, 751; Morris v. Gaines, 82 Texas, 255; Monroe v. Buchanan, 27 Texas, 241; Muller v. Riviere, 59 Texas, 640, and Pickett v. Jackson, 42 S. W. Rep., 568. Under these authorities it seems clear that Corbett, the payee and holder of the vendor's lien notes which appellant agreed to pay, could have proved by parol that appellant agreed to pay the notes as part of the consideration for the conveyance of the land to him by appellant, and in the suit to foreclose said vendor's lien could have recovered a personal judgment against appellant for the amount of said notes. We can not see upon what principle or with what justice or reason this right can be confirmed in the mortgagee and denied in the mortgagor. If Corbett could make this proof, then why should it be denied the appellees?

It seems to us that the true principle is announced by the Supreme Court of Indiana in the case of Hays v. Peck, 107 Indiana, 389, in which the court says: "It is settled by our decisions that the consideration of a deed may be shown by parol evidence, and that for this purpose it may be shown that the grantee verbally agreed as a part of the consideration to pay an existing incumbrance. It is an elementary doctrine that the consideration of a deed may be shown by parol, and it is impossible to give effect to this doctrine without permitting the parties to prove what agreement as to the consideration preceded the execution of the deed. The agreement as to the consideration necessarily precedes the execution of the deed and the fact that the consideration was agreed upon some time prior to the delivery of the deed does not preclude the grantor from showing what was the consideration of the deed. To hold otherwise would be to run counter to the elementary doctrine that it is always competent to prove the actual consideration yielded for the conveyance of land." Suppose when the appellee, at appellant's request, omitted from the deed all mention of the Corbett notes, the appellant in lieu of his assumption to pay said notes had verbally agreed to pay to appellee, in addition to the consideration recited, a further sum equal to the amount of said vendor's lien notes and payable at the date of the maturity of said notes. It can not be doubted that under this state of

facts appellee would have been permitted to prove by parol such additional consideration and would have had a vendor's lien upon said 320 acres of land to secure payment of said amount, enforcible against appellant or any purchaser of said land with notice of said additional consideration and that the same had not been paid. In such case appellee might have paid off the incumbrance due Corbett and then sued appellant and enforced his lien on the land for the same amount. If the same result could be thus indirectly reached, why deny the right to accomplish it directly? Article 638 of the Revised Statutes declares that from the use of the word "grant" or "convey" in a deed conveying an estate of inheritance or fee simple, unless restrained by expressed terms of the deed, there is an implied covenant that such state is at the time of the execution of such conveyance free from incumbrance. When a party executes such a conveyance using the words "grant" or "convey," this covenant implied by law is incorporated in and becomes a part of the deed, because all contracts are presumed to be made with knowledge of existing law. We think it must also be presumed that when the parties to this transaction failed to recite in the deed of conveyance the entire consideration for same they did so with the knowledge that the law would permit parol proof of the additional consideration not recited in the deed, and that appellee had a lien upon said land to secure the payment of same, and that the implied covenant against the incumbrance did not apply to nor in any way affect this lien. The majority of the court are of opinion that the trial court did not err in admitting parol evidence to show that appellant agreed to pay the Corbett notes, and in rendering judgment upon the facts in evidence in this case in favor of appellee. Chief Justice Garrett does not concur in this opinion, and holds that under the weight of authority parol evidence was not admissible to contradict the covenant against incumbrance by showing that the appellant verbally agreed to pay the vendor's lien notes outstanding against the land at the time of the conveyance.

The judgment of the court below is affirmed.

*Affirmed.*

Rulings herein approved by the Supreme Court on certificate of dissent. Johnson v. Elmen, 94 Texas, —.