**A. S. EWING, Appellant,**

v.

**Marion D. McGEE et ux., Appellees.**

No. 15917.

Court of Civil Appeals of Texas.

Fort Worth.

May 2, 1958.

Rehearing Denied June 6, 1958.

Frank R. Graves, Fort Worth, for appellant.

Joseph P. Burt, Fort Worth, for appellees.

MASSEY, Chief Justice.

Marion D. McGee and his wife, appellees herein, owed an unsecured indebtedness to a third person. They also owed other indebtedness, secured by notes and liens upon certain real estate. They entered into an executory contract with appellant A. S. Ewing, whereby Ewing was to receive title to said real estate, and in

exchange was to pay a certain amount in cash, and assume the unpaid balances owing by the McGees upon various debts. The contract *to* sell the property in question showed a price of $4,200.00, made up of $727.45 in cash and $3,472.55 in indebtedness (of the McGees), which included the foregoing unsecured indebtedness. Consideration delivered by the McGees was the real estate. Ewing received a deed (contract *of* sale). The consideration recited therein as delivered by Ewing to the McGees was "Ten and No/100 Dollars ($10.00) and other good and valuable consideration, cash to said grantors in hand paid * * * receipt * * * acknowledged, and the further consideration of the assumption and agreement by the grantee herein to pay off and discharge * * * (here follows three described notes, each secured by lien, to three different obligees, amount owing not stated but with each note described by amount of original principal indebtedness owing, and payees)." The unsecured indebtedness owed a third person and contemplated by the original executory contract was not mentioned in the deed which was delivered.

After some time had passed the McGees were sued by their original obligee upon the indebtedness owing but unsecured. Ewing apparently took the position that he had no interest therein and no obligation incident thereto. In view of the amount sued for, the suit against the McGees was filed in the County Court at Law, Dallas County, Texas. They filed a cross-action and sought judgment over against Ewing, joining him in the suit for the purpose. Ewing filed a plea of privilege to be sued in Tarrant County, Texas. The cases were severed, and as same subsisted between the McGees and Ewing, it was transferred to the County Court at Law, Tarrant County, Texas. As same subsisted between the third party and the McGees, such third party was given judgment against them for the amount of the debt, etc.

In Tarrant County, the McGees prosecuted to judgment their suit against Ewing. They cast their cause of action in breach of contract. Trial was to a jury, which found in favor of the McGees that Ewing had agreed to assume the note (indebtedness) in question. Judgment was accordingly entered. From this judgment Ewing appealed.

Judgment is affirmed.

Reduced to its basic elements, the suit as tried was prosecuted by the appellees against appellant for damages on account of appellant's breach of an executory provision of his contractural agreement relative to delivery or performance *in discharge of consideration* which was obligatory on his part, the contract having been fully executed as a conveyance by appellees and accepted as a conveyance by appellant. Had appellees not theretofore become obligated by the judgment to pay a certain indebtedness represented by note, upon which appellant had by his own agreement become primarily liable in the place and stead of appellees, appellees would have been entitled to enforce specific performance. In view of the judgment, appellees were entitled to the remedy of damages because of appellant's breach.

Appellees' cause of action was only indirectly predicated upon the contract *to* sell, but was directly predicated upon the obligation therein agreed upon relative to the consideration performable or deliverable by the appellant upon the complete performance by the appellees. Though the later deed was fully executed as to appellees' real estate, the property delivered and the contract fully performed on the part of the appellees, if all or any part of the consideration deliverable or performable by the appellant had not been delivered or performed, certainly the appellees would be entitled to compel the same, or, in the alternative, to recover damages for breach.

■ By reference to the deed itself, it is of course determinable that the same is operative as a conveyance, and as such is fully performed. Neither real estate nor title to real estate is in issue. Neither is the efficacy of any lien in issue. We need not consider questions of law upon a hypothesis which assumes that "as a conveyance" the contract was executory, for one must recognize the fact that "as a conveyance" it was fully executed. That, we hope, is clear and understood. It being undisputed that appellant refused to pay the obligation assertedly assumed, the issue is the matter of whether *in fact* the appellant did assume the obligation. The jury found that he did. When the deed is examined and construed on its face in the light of the surrounding circumstances, it is obvious without proceeding into more involved analysis that it was not intended as the complete repository of the transaction between the parties as same is to be related to the consideration deliverable or performable by the appellant. Therefore, testimony offered was properly received, for the parol evidence rule does not apply to inhibit proof extraneous to the deed in the establishment of the contract entered into between the parties, the breach on the part of appellant, and the damages sustained thereby on the part of the appellees. See McCormick and Ray, Texas Law of Evidence, Second Edition, "The Parol Evidence Rule", secs. 1601 to End.

■■ Though the consideration recited in the deed was part and parcel of the conveyance of real estate by appellees to appellant, such consideration was not required by law to be in writing but could be proved by parol evidence and given proper legal effect so long as the effect of the deed as a conveyance and as to its covenants would not be varied as result of the proof. 14–B Tex.Jur., p. 488, "Deeds", part V., sec. 55, "Necessity", p. 498, sec. 62, "Recital", p. 500, sec. 63, "Extrinsic Evidence to Add to Recital". Here the provision relative to the consideration is explained in parol and in the provisions of the contract *to* sell appellees' real estate which was the contract upon which the deed itself was founded, and which controls and governs the terms thereof in so far as the consideration is cast in issue. That being true there was no merger, for the deed of conveyance was not intended to merge or extinguish the contract of the parties to the effect that the appellant would assume the primary liability upon the debt (evidenced by the note) in the place and stead of appellees. See Johnson v. Elmen, 1900, 94 Tex. 168, 59 S.W. 253, 52 L.R.A. 162, 86 Am.St.Rep. 845 (see also the opinion of the Court of Civil Appeals, 24 Tex.Civ. App. 43, 59 S.W. 605); Bates v. Lefforge, 1933, Tex.Com.App., 63 S.W.2d 360.

■ There being no necessity to reform the deed, which had been fully executed as a conveyance, certainly appellant's attack upon the jurisdiction of the court in which the case was tried was not well founded. Suit was not in equity, but was in law for damages as necessary alternative to an enforcement.

Judgment is affirmed.