Alva McGAFFEY et al., Appellants,

v.

Dee Brown WALKER, Appellee.

No. 3876.

Court of Civil Appeals of Texas.

Eastland.

May 8, 1964.

Rehearing Denied June 5, 1964.

Griffith & Lumpkins, Stuart B. Lumpkins, Waxahachie, Elizabeth Carp, Dallas, for appellants.

Johnson, Guthrie, White & Stanfield, Curtis White, Dallas, for appellee.

GRISSOM, Chief Justice.

On July 7, 1949, I. T. McGaffey executed a will which, so far as is here material, is as follows:

"It is my will and desire that after the payment of my just debts, funeral expenses and expenses of my last sickness, to give, devise and bequeath unto my children and grandchildren all of my estate of every description, real, personal or mixed, of whatsoever nature, wheresoever situated, and howsoever, acquired, as hereinafter set forth, in fee simple forever.

"It is my will and desire that my estate aforesaid shall be divided into nine (9) equal parts. And it is my will that the nine (9) parts shall pass to and be divided as follows, to-wit:

"To my son, Charley McGaffey, one part

"To my son, Raymond McGaffey, one part

"To my son, Neil McGaffey, one part

"To my son, Alva McGaffey, one part

"To my son, Eddie McGaffey, one part

"To my son, J. W. McGaffey, one part

"To my son, Howard McGaffey, one part

"To my daughter, Ola McGaffey Upshaw, one part

"To my two grand-daughters, Johnnie Sue McGaffey and Nancy McGaffey, daughters of my deceased son, I. T. McGaffey, one part, to share each and share alike, therein.

"It is my further will and desire that my homestead and farm, located about one mile west of Hutchins, Texas, remain intact, and that said homestead and farm be leased to my son, Alva McGaffey for the sum of One Thousand and no/100 Dollars ($1000.00) per year until my youngest grand-daughter shall have attained the age of 21 years and until a division of said farm and homestead shall have been made. In the event any of my heirs under this my last will and testament shall desire to sell his or her share of the homestead and farm after my demise, then it is my will and desire that my son, Alva McGaffey, shall purchase from such heir or heirs, his or her share or interest in the homestead and farm for a sum of money not to exceed Three Thousand and no/100 Dollars, but in no event shall share to or interest in my farm and homestead bequeathed or devised to one of my heirs who may be under the age of 21 years be sold, conveyed or transferred until such heir shall have first attained her 21st birthday. , It is my will and desire in the event the homestead and farm shall remain intact and undivided until my youngest heir shall have attained the age of 21 years; and provided the heirs and devisees under this my will shall be desireous of causing a division or sale of the farm and homestead, that my son Alva McGaffey, shall have the privilege of buying the interest of each devisee for a sum of money not to exceed $3000.00 for each heir's share and interest in the homestead and farm. In the event of the death and demise of my son, Alva McGaffey, it is my desire that any devise or bequest to him by me be made under this will, shall pass to and vest in his son, my grandson, A. C. McGaffey. It is my further desire that the proceeds derived from said lease money after repairs have been paid, shall be divided in the proportions set forth herein to my children and grandchildren. It

is my further will that my granddaughter, Margaret Helen McGaffey, receive an equal share in the rental and income from my estate so long as she is attending school, and it is my further will that in the event her father, my son, Howard McGaffey, be deceased at the time of my demise, that his share of my estate shall pass to and vest in the said Margaret Helen McGaffey.

"It is my further will that all taxes and insurance shall be paid out of the share of the rental bequeathed to my children, Niel McGaffey, J. W. McGaffey and Ola McGaffey Upshaw.

"It is my further will and desire that any indebtedness due or owing by my estate at the time of the settlement of my estate shall be paid out of any share bequeathed to Neil McGaffey, J. W. McGaffey and Ola McGaffey Upshaw.

"If any of my heirs or devisees, or anyone else, contest this my last will and testament, it is my will and desire, and I declare, that he or she or they shall receive no part whatever of my estate, and, if such an event happens, I hereby revoke any devise or bequest herein made to such contestant or contestants. It is my further desire that there be no discussion of the division of my estate until at least one year shall have elapsed after my demise.

"I hereby nominate and appoint and constitute my two sons, Alva McGaffey and Raymond McGaffey, executors of this my last will and testament, and direct that either of them may act as executor in case of the death or refusal to qualify as such executor, and that they be required to make bond to cover the rentals from my estate, and that no other action shall be had in the County Court in relation to the settlement of the estate other than the probating and recording of this will and the return of statutory inventory, appraisement and list of all claims due or owing by me at the time of my death."

Mr. McGaffey died on September 1st, 1949. Said will was admitted to probate

and Alva McGaffey qualified as executor on February 21, 1952. Administration on said estate is pending in the Probate Court of Dallas County. This is an appeal from a judgment ordering partition of said estate upon the application of Dee Brown Walker, which was filed on August 25, 1959. Alva McGaffey answered Walker's application for partition of the estate by asserting that he had no interest therein. On February 13, 1961, more than 17 months after the filing of Walker's application, Alva McGaffey, for the first time, asserted an option to purchase Walker's 1/9th interest in the Dallas County homestead for $3,000.00.

On October 5, 1957, Johnnie Sue McGaffey, the youngest granddaughter became twenty-one years of age. In February 1951, Howard McGaffey's wife obtained a judgment against him for $7,200.00, and foreclosed an attachment lien on the Dallas County farm. In April, 1951, Howard's wife and Mr. Walker, her lawyer, bought Howard's interest in the Dallas farm at a sheriff's sale under that judgment. On February 12, 1953, Howard's wife conveyed her interest to Mr. Walker.

The trial court granted Mr. Walker's application to partition and refused to enforce Alva McGaffey's alleged option to buy Walker's 1/9th interest in the Dallas County farm for $3,000.00. The court held that the provision of said will giving Alva McGaffey an option to purchase the 1/9th interest of any devisee in the homestead under the stated circumstances, for $3,-000.00, constituted an unlawful restraint on the right of the devisees of the fee simple title to realty to dispose thereof. It also held that Alva McGaffey had not timely exercised his asserted option to purchase Walker's interest in the Dallas farm for $3,000.00, and had, therefore, waived any right he may have had to purchase it. The court charged the taxes and insurance and the indebtedness of the estate against the interests of Neil, J. W. and Ola McGaffey, as provided for in the 4th

and 5th paragraphs of the will. Alva McGaffey, individually and as executor, Raymond, Neil and J. W. McGaffey and Ola McGaffey, now Upshaw, individually and as next friend for Howard McGaffey, and the two grandchildren have appealed.

Appellants' points are in substance that the court erred in construing said will so as to award a 1/9th share in the homestead in Dallas County to Walker in fee simple, unincumbered by the option of Alva McGaffey to purchase it for $3,000.00; erred in holding there was an unreasonable restriction on the right of alienation; erred in holding that Alva McGaffey failed to exercise said option within a reasonable time and, as to the latter point, that there is no evidence to support that holding and, in the alternative, insufficient evidence, and, further, that said holding is contrary to the overwhelming weight and preponderance of the evidence. Appellants' last point is that the court erred in construing the will so as to charge all expenses of administration against the interests of Neil, J. W. and Ola McGaffey.

The court held that the attempted restraint on the right of alienation was void. In the first part of the will, the granting clause, the testator devises to his named children and grandchildren, in equal parts, all of his estate "in fee simple forever". Thereafter, he attempts to place restraints upon the rights of the devisees to dispose of the property so devised to them. He provided that no devisee could sell his share until he became twenty-one years of age. He also provided that if any adult devisee desired to sell before the youngest devisee became twenty-one that Alva had the option to purchase his share for $3,000.00 and, finally, the restraint that is here specifically challenged, that if the homestead remained undivided until the youngest devisee became twenty-one (which happened), and the devisees then desired to sell or divide the homestead that Alva had the option to buy each devisee's 1/9th interest for $3,000.00.

The Texas cases are not in accord as to the power of a testator to devise a fee simple estate and then place a "reasonable" restraint upon alienation of the property so devised. One line of authority holds that a restraint upon alienation of a fee simple title for a limited time, however brief, is inconsistent with and repugnant to the nature of the fee simple estate, because one of its most important characteristics is the power of alienation. Seay v. Cockrell, 102 Tex. 280, 115 S.W. 1160; Dodson v. Dodson, Tex.Civ.App., 299 S.W.2d 775, 776; O'Connor v. Thetford, Tex.Civ.App., 174 S.W. 680, 681, (Writ Ref.); Knight v. Chicago Corp., Tex. Civ.App., 183 S.W.2d 666, affirmed 144 Tex. 98, 188 S.W.2d 564. Some writers say this rule is favored by the courts of Texas because, as stated in O'Connor v. Thetford, it is more logical and presents no difficulties such as will be encountered in determining what is a reasonable time. In Frame v. Whitaker, 120 Tex. 53, 36 S.W.2d 149, 151, the Supreme Court of Texas held that where there was a devise of the fee simple title followed by a provision that the beneficiary should not dispose of the property so devised during her lifetime that the restriction was void. In Pritchett v. Badgett, Tex.Civ.App., 257 S.W.2d 776, 777, (Writ Ref.), land was devised to a son with a provision that the son could not sell or incumber it for twenty years, unless he was joined by the executors. Such attempted restraint upon the right of alienation was held to be void. Although there are authorities to the contrary, the stated rule seems to be generally favored in Texas and is the rule in most jurisdictions. In 42 A.L.R.2d 1308, it is said that "a provision or direction against alienation during the minority of a specified person is void by the law of most jurisdictions." Under that annotation the decision of the Supreme Court of Texas in Bouldin v. Miller, 87 Tex. 359, 28 S.W. 940 is discussed. In that case there was a provision in a deed that the property conveyed should not be sold until the youngest grantee became twenty-one. The court held that the deed having otherwise conveyed the fee simple title an unlimited power of alienation was a necessary incident thereto and, since the restraint was not imposed in the form of a condition but only as a naked restraint and not for the purpose of protecting the grantor's or some others, interests in the property, the restraint was void. In 42 A.L.R.2d 1297, the rule is stated as follows:

"Apparently, in states other than Indiana and Kentucky, a provision or condition against alienation by a grantee or devisee in fee before his arrival at a specified age, as well as a limitation over in case of such alienation, is void. * * *

"In Laval v. Staffel (1885) 64 Tex. 370, —the opinion states that the authorities are in disagreement regarding the validity of a limited restraint upon alienation of a fee, such as one to continue until the devisee reaches a specified age * * *."

"By the law of most jurisdictions a mere naked provision to the effect that the grantee or devisee in fee shall not alienate prior to arriving at a specified age, or purporting to withhold the power of alienation until such age is attained, is void."

Alva's option to buy is dependent upon the desire of a devisee to sell or divide both when the testator is speaking of the share of "any" devisee and the shares of all devisees. It is apparent that the testator wanted to keep the homestead intact and leased to Alva and that he attempted to interfere with the right of alienation of land which he had previously clearly and expressly devised in fee simple. He was specific when he devised the fee simple title and provided that each of the nine should have equal shares. This was the predominant provision of the entire will. He was more vague and uncertain in his provisions for keeping the farm

intact and granting Alva an option to buy the shares of other devisees. The greatest estate will be conferred on a devisee that the terms of a devise permits. A clear, express devise of the fee simple title forever of a 1/9th equal part will not be subtracted from by later separate provisions not equally clear. 44 Tex.Jur. 738. See also Heller v. Heller, 114 Tex. 401, 269 S.W. 771; Burney v. Burney, 145 Tex. 311, 197 S.W.2d 334; Gilliam v. Mahon, (Tex.Com.App.), 231 S.W. 712, 713; 14B Tex.Jur. 599.

We think the decision in Mattern v. Herzog, (Sup.Ct.), 367 S.W.2d 312, is not applicable to the facts of this case. In that case, there was no express devise of the fee simple title followed in a later paragraph by a less definite and certain provision subtracting therefrom. There, the provision for an option to purchase was a part of the grant and as definite and clear as the granting provision. The option to purchase was incorporated in the granting sentence. The option to purchase was not there made contingent, as it is here, on the desire of the devisees at some unforeseeable future time and circumstance to partition or sell

■ Under what appears to be the majority rule in Texas, and which is the majority rule in most jurisdictions, the court correctly held this attempt to restrain alienation was void. We think the court did not err in holding that the attempted restraint on alienation of the homestead farm, title to which had been clearly and expressly devised in fee simple, was void.

The trial court further held that if Alva McGaffey had an option to purchase Walker's 1/9th interest in the homestead for $3,000.00, he waived his right to exercise the option by his long delay. Regardless of the possibilities of sooner exercising the option, such as when Walker first bought Howard's 1/9th interest, if Alva McGaffey had an option to purchase Walker's interest, it could have been exercised when Walker filed an application to partition

said property on August 25, 1959. It is undisputed that he made no attempt to exercise the option for more than a year and five months thereafter. In Mattern v. Herzog, Tex., 367 S.W.2d 312, 318, Judge Norvell recognized the general rule that in options "time is of the essence." In Johnson v. Portwood, 89 Tex. 235, 34 S.W. 596, 598, our Supreme Court said that when a transaction is in the nature of a unilateral contract, "where a party is given an option to acquire a right by doing a certain thing within a specified time,—it is held that time is essential, and that in order to secure the right he must comply within the specified period. This is settled law." In Bush v. Merrill, (Tex.Com.App.), 206 S.W. 834, 838, it was held that in every contract in which the time for exercising an option is not fixed the law allows a reasonable time for exercising the option; the time depending upon the facts and circumstances of each case. It also held that what is a reasonable time for performance is ordinarily a question of fact. See also Cheek v. Metzer, 116 Tex. 356, 291 S.W. 860; 10 Tex.Jur. 415; Miller v. Deahl, Tex. Civ.App., 239 S.W. 679; Texas Farm Bureau Cotton Ass'n v. Stovall, 113 Tex. 273, 253 S.W. 1101, 1106. In Grier v. Stewart, Tex.Civ.App., 136 S.W. 1176, it was held that in options to purchase real estate time is of the essence. See also Wilbanks v. Selby, Tex.Civ.App., 227 S. W. 371; Ducc Realty Co. v. Cox, Tex.Civ. App., 356 S.W.2d 807; Investors' Utility Corp. v. Challacombe, Tex.Civ.App., 39 S. W.2d 175, 178, 13 Tex.Jur.2d 164; Lusher v. First National Bank, Tex.Civ.App., 260 S. W.2d 621, 626, (Ref. N.R.E.). We think the court correctly held that Alva McGaffey waived any right he may have had to enforce said option.

The reason for the rule that in option contracts time is of the essence is well illustrated by the facts of this case. The testator provided for an "equal" distribution of his estate in nine shares. When his father executed the will giving Alva

**396**

the option to purchase another devisee's 1/9th share in the homestead farm for $3,000.00, the farm was worth $100.00 per acre and a devisee's share slightly less than $3,000.00. Now, the land is worth $750.00 per acre.

■ Appellants' seventh point is that the court erred in charging the expenses of administration against the shares of Neil, J. W. and Ola McGaffey. Appellants argue that the words indebtedness of the estate as used in the will did not include attorney's fees and other expenses of administration. They cite Sinnott v. Gidney, Tex.Civ.App., 311 S.W.2d 951, in which it was held that inheritance taxes, administration expenses and the like are not debts of "the testator," even though they must be paid out of the estate, and Highland Park Independent School District v. Thomas, Tex.Civ.App., 139 S.W.2d 299, in which it was held that a tax lien against property of an estate is not a "debt." The will provided that "any indebtedness due or owing by my estate at the time of the settlement of my estate shall be paid out of" the shares devised to Neil, J. W. and Ola McGaffey. We think the charges made against said shares constituted debts of the estate at said time within the meaning of that provision.

All of appellants' points have been carefully considered and are overruled.

■ Appellee presents cross-assignments of error that the court erred (1) in refusing to declare a forfeiture of the shares of Ola, J. W. and Neil McGaffey because they contested the will dated July 7, 1949, and (2) in refusing to allow Walker to participate in the partition of the Jefferson County land. The latter contention is asserted on the theory that when Walker had a writ of attachment served in Dallas County and foreclosed that lien and purchased at the sale he also acquired Howard McGaffey's 1/9th interest in the Jefferson County land. We think he acquired no interest in the Jefferson County

land by serving the attachment in Dallas County and foreclosing that lien. As to the first cross-assignment we hold there was no contest of the will within the meaning of its relevant provision by said parties' insistence that the last will executed by the testator should be probated. See Roberts v. Chisum, Tex.Civ.App., 238 S.W.2d 822, 825 and Calvery v. Calvery, 122 Tex. 204, 55 S.W.2d 527, 530.

The judgment is affirmed.