**Homer PUCKETT et ux., Appellants,**

**v.**

**W. A. FRIZZELL, Appellee.**

**No. 153.**

Court of Civil Appeals of Texas.

Tyler.

July 21, 1966.

Rehearing Denied Sept. 22, 1966.

John E. Heitler, Pope & Heitler, Tyler, for appellants.

Ben Goodwin, Tyler, for appellee.

MOORE, Justice.

Plaintiffs, Homer Puckett and wife, Nobie Puckett, brought this suit against defendant, W. A. Frizzell, for the balance due upon the purchase price of a house and lot situated in the City of Tyler, which they sold to Frizzell. The dispute arose over the agreed consideration for the property. Plaintiffs allege that the defendant agreed to pay them the sum of $3,600.00 and in addition, agreed to assume an outstanding indebtedness against the property in favor of East Texas Savings & Loan Association of Tyler, Texas, in the amount of $2,668.66.

The defendant denied the allegations of plaintiffs' petition and alleged affirmatively that he agreed to pay only the total sum of $3,600.00 for the property. This is the second appeal of this case. Our previous opinion reversing and remanding the cause appears in 377 S.W.2d 715.

The testimony in the present suit shows that the transaction was initiated by the Pucketts. Subsequent negotiations were conducted by Mrs. Puckett and Mr. Frizzell both over the telephone and by correspondence. As a result of these negotiations, Mr. Frizzell caused a deed to the property to be prepared and forwarded to the Pucketts for their signature. The deed recited a consideration of $10.00 and the assumption of the outstanding loan by Frizzell. The Pucketts executed the deed, mailed the same to East Texas Savings & Loan Association which, at their request, was to close out the loan and forward the balance due them. Upon receipt of the signed deed, the loan company notified Mr. Frizzell and he went to their offices and paid the amount of the loan and accepted delivery of the deed. He then made out his check to the Pucketts for the difference between the sum of $3,600.00 and the amount owed on the loan, and the loan company forwarded his check to the Pucketts. They refused to accept the check and mailed it back to the loan association,

advising that their agreement was for the sum of $3,600.00 in addition to the assumption of the loan by Frizzell. Upon being notified of this, Mr. Frizzell maintained that the agreement was for a total consideration of $3,600.00. After considerable correspondence in regard to the matter, Mr. Frizzell finally agreed to re-convey the property to the plaintiffs provided they would agree to reimburse him in the amount of $150.00 which he had expended in improving the house and would pay the necessary expenses involved in the re-conveyance, estimated by the loan company to be approximately $200.00. The Pucketts refused to do this and instituted this suit.

Trial was before a jury. In response to the sole and only special issue submitted by the court, the jury found that Frizzell did not agree to pay the sum of $3,600.00 for the property in addition to the assumption of the indebtedness owing East Texas Savings & Loan Association.

Based upon the verdict, the trial court entered judgment for defendant and found that since the defendant had paid the amount agreed upon and plaintiffs had received such amount, plaintiffs should take nothing by their suit, whereupon they perfected this appeal.

Appellants insist that the judgment must be reversed because there was no evidence of probative force to support the jury's finding. They take the position that the testimony of the appellee denying that he agreed to assume the outstanding indebtedness in favor of East Texas Savings & Loan Association is incompetent and without probative force because such testimony varies the terms of the deed wherein he agreed to assume the outstanding indebtedness. The contention is not well taken and must be overruled.

■ As a general rule, the recitals of a deed are not conclusive as to consideration, and inquiry by parol may be resorted to for the purpose of showing the real

consideration. Johnson v. Elmen, 94 Tex. 168, 59 S.W. 253, 53 L.R.A. 162; Whitehead v. Weldon (Tex.Civ.App.), 264 S.W. 958.

 Appellee testified that the total consideration which he agreed to pay was $3,600.00. Consequently he denied that he also agreed to assume the debt. As we view his testimony, it amounted to nothing more than his version of the agreement as to the total consideration and as such must be accorded probative force.

Appellants further insist that the judgment must nevertheless be reversed because the trial court, over their objection, permitted appellee to prove the cash market value of the property on or about the date of the sale. In this connection, the record reveals that appellee called two expert witnesses who testified that the house was in poor condition and was in need of extensive repairs and had a market value on or about the date of the transaction of approximately $3,500.00. Appellants objected to this testimony on the ground that it was irrelevant, immaterial and prejudicial. They contend such testimony was harmful because it had the effect of bolstering the testimony of Frizzell by showing that he probably did not agree to purchase at a price in excess of the market value. We think the testimony was admissible. At the time this testimony was offered, Mrs. Puckett had previously testified that she and her husband purchased the property in 1951 for the sum of $7,000.00. This testimony was no doubt offered for the purpose of showing the improbability of appellants having agreed to sell for a much smaller sum. At least it was sufficient to lay a predicate for such an argument before the jury. Consequently, we think evidence of market value then became admissible to refute the inference left by her testimony. Aside from this, however, we believe the evidence was admissible under the facts in this case as circumstantial evidence going to show the improbability of appellee's agreeing to pay a sum grossly in excess of the market value. De Witt v. Bowers, Tex.Civ.App., 138 S.W. 1147.

Finding no reversible error, the judgment of the trial court is affirmed.