**H. R. BENTLEY, Jr., Appellant,**

v.

**Jack ANDREWARTHA, Appellee.**

No. 12724.

Court of Civil Appeals of Texas, Austin.

May 3, 1978.

Patricia A. English, Stubbeman, McRae, Sealy, Laughlin & Browder, Austin, for appellant.

Michael G. Mullen, Brown, Maroney, Rose, Baker & Barber, Austin, for appellee.

PHILLIPS, Chief Justice.

Appellee sued appellant for $20,017.26 for debt and for breach of a general warranty to convey good title to real estate. Appellee filed a motion for summary judgment on his claim for breach of warranty.

The district court severed the cause for debt from the cause for breach of warranty. The court then entered summary judgment for appellee for $7,017.26 for breach of warranty. It is from this summary judgment that appellant has perfected his appeal to this Court.

We reverse the judgment of the trial court and remand the cause for trial.

Appellant is before us on three points of error all directed toward the error of the court in granting the summary judgment despite the presence of fact issues. We sustain these points because, in our opinion, the summary judgment proof presents a fact situation that can be resolved only by a trial on the merits.

The summary judgment proof shows that appellant is appellee's son-in-law. Appellant contends that as a result of this relationship the parties engaged in a series of transactions over a period of four and one-half years in an atmosphere of mutual understanding and trust. One such transaction is the basis for this appeal.

In August of 1975 appellant conveyed by general warranty deed two unimproved lots in Travis County, lots 11 and 21 in Block A, Barton Hills, Section 7. Neither of these lots was encumbered at the time of this conveyance.

In June of 1976, the parties agreed to substitute lot 22 in the above-mentioned subdivision for lot 21 and did so at appellee's request. The record is not clear as to the mechanics of this substitution; however, appellant swore in the affidavit that appellee was fully aware of an encumbrance on lot 22 in the amount of $7,017.26, and that appellee orally agreed to assume this debt and did, in fact, discharge the encumbrance. The parties had determined lot 22 to be more valuable than lot 21 in the amount of the encumbrance, and that such increase in the value of the property would be offset by appellee assuming the encumbrance. The recited consideration of the warranty deed that made the basis of appellee's claim was "TEN DOLLARS and other valuable consideration."

Then the familial relationship between these parties deteriorated. Divorce proceedings were begun by appellant and appellee's daughter.

As previously stated, the summary judgment that is the basis of this appeal awarded appellee $7,017.26 on the deed for breach of warranty. This was the amount of the lien against lot 22 that appellee has discharged as described above.

Appellant maintains that the court erroneously granted summary judgment by ignoring the facts outlined above; however, appellee contends that the court had no other recourse. Appellee argues that the pleadings before the court establish that lot 22 was conveyed to him by general warranty deed, that appellant's signature thereon was valid and that there was the encumbrance on the lot. Appellee further contends that the court had no alternative but to grant the summary judgment, as all elements of appellee's claim against appellant arising from a breach of the covenant of general warranty contained in the deed made the basis of the suit were established as a matter of law.[1]

1. Appellee cites *Triplett v. Shield,* 406 S.W.2d 941 (Tex.Civ.App.1966, writ ref'd n. r. e.); *Wolff v. Commercial Standard Insurance Co.,* 345 S.W.2d 565 (Tex.Civ.App.1961, writ ref'd n. r. e.).

Summary judgment proof must establish, as a matter of law, that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corporation*, 450 S.W.2d 827 (Tex.1970). In this regard, we will consider only the summary judgment evidence before the court at the time of the hearing on the motion for summary judgment on July 7, 1977.[2] *Whitney Properties Corp. v. Moran*, 494 S.W.2d 587 (Tex.Civ.App.1973, no writ); *McCormick v. Stowe Lumber Co.*, 356 S.W.2d 450 (Tex.Civ.App.1962, writ ref'd n. r. e.). Having done so, we conclude that the trial court erred in granting summary judgment because the summary judgment proof in the record raises a genuine issue of material fact as to the true consideration for the conveyance.

It has been the law of this state since 1900 that parol evidence is admissible to show that at the time of the execution of the deed in question, it was agreed between the parties that the grantee would assume and pay off an incumbrance on the property. *Johnson v. Elmen*, 94 Tex. 168, 59 S.W. 253 (1900); *Ewing v. McGee*, 314 S.W.2d 158 (Tex.Civ.App.1958, writ dism'd). See 2 McCormick and Ray, *Texas Law of Evidence*, § 1613 (1956). Likewise, parol evidence is admissible to show the true consideration where, as here, the warranty deed recites ten dollars and other valuable consideration. *Latham v. Dement*, 409 S.W.2d 429 (Tex.Civ.App.1966, writ ref'd n. r. e.) and cases cited therein. It is also well settled that, as between the original parties, it is not necessary to allege fraud, accident, or mistake in order to show the true consideration for a conveyance. *Puckett v. Frizzell*, 377 S.W.2d 715 (Tex.Civ.App.1964, no writ) and cases cited therein.

Since the record before us raises a genuine issue of material fact as to the consideration for the conveyance that should be resolved by trial on the merits and discloses that appellee is not entitled to summary judgment, we reverse the judgment of the trial court and remand the cause for trial.

2. Several answers, responses, and motions were filed after July 7, 1977.