Peggy Ann PATTERSON, Appellant,

v.

Jerry Weldon PATTERSON, Appellee.

No. 04–82–00591–CV.

Court of Appeals of Texas, San Antonio.

Aug. 31, 1984.

Rehearing Denied Oct. 22, 1984.

Stephen Takas, Jr., Southers & Lyons, San Antonio, for appellant.

James N. Pearl, San Antonio, for appellee.

Before BUTTS, CANTU and DIAL, JJ.

## OPINION

CANTU, Justice.

Appeal is taken from an order granting specific performance of a contractual agreement incorporated into a decree of divorce.

Appellant and appellee were divorced on September 24, 1980. The decree was not entered until December 18, 1980.

As a part of the division of the parties' estate the decree provided:

The Court finds that the parties have acquired marital property during this marriage and that it is necessary to make a just and right division of their marital estate having due regard for the rights of each party and the children of the marriage.

The Court finds that Petitioner and Respondent have entered into an agreement for the division of their estate and that the parties agree that the terms of the division of their estate as set forth in this Decree of Divorce are enforceable as contract terms.

It is therefore Ordered, Adjudged and Decreed by the Court that all right, title and/or interest in the property listed below be hereby awarded Peggy Ann Patterson as her sole and separate property and same is hereby freed and cleared of any claims, interest and/or demands of Jerry Weldon Patterson, except as otherwise may be expressly stated in this Decree:

\* \* \* \* \* \*

4. The real property known as "The Stables," located at 10888 Southwell, San Antonio, Texas, more particularly described as Lot 1 and 2 block number five (5), NCB 14705 Oakland Estates, San Antonio, Texas, subject to the indebtedness thereon; ...

The parties attached to the Decree of Divorce a memorandum signed by each and by their attorneys that further provided:

The undersigned parties, by affixing their signature hereto, approve the foregoing Decree of Divorce as to content and form, and mutually represent, warrant, contract and agree:

\* \* \* \* \* \*

3. That they shall each be bound by the terms and provisions of said Decree of Divorce regarding visitation, the division of property and debts contractually as well as by the Orders of the Court.

No mention of inventory or listing of debts appears in the Decree of Divorce although the award of realty to the parties is in each instance made subject to existing indebtedness.

On April 20, 1982, appellee, the plaintiff below, filed his original petition alleging that appellant had defaulted on the payment of a promissory note to the National Bank of Commerce in the sum of $20,000.00 which constituted indebtedness on the property known as "The Stables."

Appellee further alleged that appellant had made several payments of $469.61 per month on the note as agreed to by the terms of the Divorce Decree but had subsequently ceased to make further payments.

Appellant's answer denied generally the allegations contained in appellee's petition and specifically denied that the note to the

National Bank of Commerce constituted an indebtedness on the property known as "The Stables."

Trial was to the court without intervention of a jury. Pursuant to request for findings of fact and conclusions of law the trial court found:

\* \* \* \* \* \*

4. It was the intention of the parties at the time of Decree of Divorce that the obligation to pay the National Bank of Commerce note # 1090–20850 was to be borne by Peggy Ann Patterson, now known as Peggy Stanert.

5. The property known as "The Stables" was built by funds from the National Bank of Commerce, advanced on Note No. 1090–20850.

6. Defendant, Peggy Ann Patterson, agreed to pay the note to National Bank of Commerce, No. 1090–20850.

7. Pursuant to her agreement, Defendant, Peggy Ann Patterson, made payments until on or about April 1982.

8. Defendant, Peggy Ann Patterson, has failed to make her agreed payments.

9. Defendant, Peggy Ann Patterson, is in default in payments upon said note.

\* \* \* \* \* \*

12. The National Bank of Commerce note, No. 1090–20850 was procured by Defendant, Peggy Ann Patterson, for the purpose of building The Stables.

### Conclusions of Law

#### I

I [sic] having been the intention of Respondent in agreeing to the Decree of Divorce to pay the indebtedness on "The Stables," to wit: National Bank of Commerce Note No. 1090–20850, this court should enforce specific performance.

#### II

The Respondent having affirmed in writing over her signature that she had assumed and was paying and would continue to pay the debt, National Bank of Commerce Note No. 1090–20850, Respondent should be ordered to pay said note.

\* \* \* \* \* \*

In nine points of error appellant primarily assails the findings of the trial court. The first two points complain of trial court error in permitting evidence of a prior oral agreement which allegedly contradicts the written decree of divorce. It is argued on appeal that the trial court violated the parol evidence rule by permitting evidence of the oral agreement.

■ The rule prevents the introduction of extrinsic evidence to vary, add to, or contradict the terms of a valid written instrument that on its face is complete and unambiguous. *Our Fair Lady Health Resort v. Miller,* 564 S.W.2d 410, 413 (Tex. Civ.App.—Austin 1978, no writ).

■ If a writing is, however, incomplete or ambiguous, parol evidence is admissible to explain the writing or to assist in the ascertainment of the true intention of the parties insofar as the evidence does not alter or contradict any part of the written memorandum in question. *Warren Brothers Co. v. A.A.A. Pipe Cleaning Co.,* 601 S.W.2d 436, 438–39 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.).

That is to say, if a writing is susceptible of more than one meaning, extrinsic evidence is admissible to remove any ambiguity of words used in the instrument and it is for the fact finder to resolve the issue as to intent of the parties. *Bobbie Brooks, Inc. v. Goldstein,* 567 S.W.2d 902, 906 (Tex.Civ. App.—Eastland 1978, writ ref'd n.r.e.).

Appellant argues that the term "subject to the indebtedness thereon" cannot embrace the debt to the National Bank of Commerce because the debt was not secured by the property known as "The Stables."

Appellee responds that it was the intent of the parties that appellant would discharge the debt to the National Bank of Commerce inasmuch as the proceeds of the loan were used to develop "The Stables" which was awarded to appellant. Appellee further points out that appellant in fact

complied with the agreement until the subsequent breach.

The trial court was thus called upon to interpret the term "subject to the indebtedness thereon." It is undisputed that both parties attribute a different meaning to the term.

The word "indebtedness" has been the subject matter of construction on numerous occasions. *See Brown County Water Improvement Dist. No. 1 v. Austin Mill & Grain Co.,* 135 Tex. 140, 138 S.W.2d 523, 525 (1940); *Marble Sav. Bank v. Davis,* 124 Tex. 560, 80 S.W.2d 298 (1935); *McGaffey v. Walker,* 379 S.W.2d 390, 396 (Tex. Civ.App.—Eastland 1964, writ ref'd n.r.e.); *Hill Mercantile Co. v. Rotan Grocery Co.,* 127 S.W. 1080, 1082–83 (Tex.Civ.App.— 1910, writ dism'd).

■ It has long been held that parol evidence is admissible to show that at the time of the execution of a deed it was agreed between the parties that the grantee would assume and pay off an incumbrance on property. *See Johnson v. Elmen,* 94 Tex. 168, 59 S.W. 253, 255 (1900); *Bentley v. Andrewartha,* 565 S.W.2d 590, 592 (Tex.Civ.App.—Austin 1978, no writ); *Puckett v. Frizzell,* 406 S.W.2d 265, 267 (Tex.Civ.App.—Tyler 1966, no writ); *Ewing v. McGee,* 314 S.W.2d 158, 160 (Tex.Civ. App.—Fort Worth 1958, writ dism'd).

■ We see no reason why the same rule should not apply to an agreed division of property incident to a divorce where the true intention of the parties is not readily ascertainable and the instrument is susceptible of more than one interpretation.

In the instant case, the instrument does not expressly identify the particular indebtedness to be assumed. Nonetheless, parol evidence is admissible for the purpose of making the identification. *National Bank of Commerce of Houston, Tex. v. Irvine,* 73 S.W.2d 929, 931 (Tex.Civ.App.—San Antonio 1934, writ ref'd); *Schumacher Oil Works v. Keisler,* 31 S.W.2d 461, 463 (Tex. Civ.App.—Galveston 1930, no writ).

The extrinsic evidence received by the court does not vary or contravene the language of the divorce decree but rather clarifies and explains the essential agreement contemplated by the parties. *See Warren Bros. Co. v. A.A.A. Pipe Cleaning Co., supra* at 438–39.

The trial court did not err in permitting extrinsic evidence of a prior oral agreement. Appellant's points of error one and two are overruled.

Appellant's points of error three through five allege that there is no evidence to support the trial court findings that the parties intended that appellant was to assume payment of the National Bank of Commerce note or that the note constituted an indebtedness on the property known as "The Stables." Her points of error eight and nine challenge the factual sufficiency of the evidence to support the same findings.

■ In reviewing the record in a no evidence contention the reviewing court will consider only the evidence and reasonable inferences from the evidence which support the trial court's judgment and will disregard all of the evidence and inferences to the contrary. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1952); *Estate of Claveria v. Claveria,* 615 S.W.2d 164, 166 (Tex.1981). When the factual sufficiency of the evidence to support a finding of fact is challenged on appeal, this court is required to consider all of the evidence in deciding the question. *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965).

Both appellant and appellee testified that at the time of their agreement incident to divorce, that they intended for appellant to assume the payment of the National Bank of Commerce note. Both agreed that some if not all, of the proceeds of the loan was used to improve the property known as "The Stables."

Appellant admitted making sixteen monthly payments of $469.61 on the note and stopped making payments only when she found out that the bank note was not secured by a lien on the property.

■ Appellant's argument admits that her "no evidence" contention is viable only if the extrinsic evidence received by the trial court is eliminated. We have already held the evidence admissible and we now hold it to constitute some evidence, more than a scintilla. Appellant's points of error three through five are overruled. Furthermore, we hold the evidence to be factually sufficient to support the findings and overrule appellant's points of error eight and nine as well.

Appellant's sixth and seventh points of error allege that the trial court erred in ordering her to pay $1,000.00 to appellee for arrearages on the note because there is no evidence that the note was secured by a lien on the property known as "The Stables." The contentions are without merit.

The evidence clearly shows and an admission is made in her brief, that appellant agreed to assume the National Bank of Commerce note. Her sole excuse for failing to pay the note was her discovery, approximately sixteen months later, that there was no lien on the property awarded to her securing the note.

At the time of trial, seven monthly installments of $469.61 had not been paid by appellant. Appellant was clearly in default on the note.

Appellee testified, without contradiction, that he had paid in excess of $2,000.00 on the bank note since the default by appellant.

Appellant does not challenge the trial court's findings of fact numbers five and twelve which find that the property known as "The Stables" was built by funds from the note in question and that the loan evidence by the bank note was procured by appellant for the purpose of improving "The Stables."

■ We think that it is immaterial that "The Stables" was unencumbered by a lien or pledged as security to the bank to secure the loan. The proceeds from the loan were for the benefit of the property improved and constituted an indebtedness on the property as understood by the parties at the time each undertook to discharge their respective debts.

■ The lack of a lien upon the property does not negate the existence of an indebtedness upon the property. Therefore, it is immaterial whether a non-controlling issue is supported by sufficient evidence. *See Tarrant Wholesale Drug Co. v. Kendall*, 223 S.W.2d 964, 965 (Tex.Civ.App.—San Antonio 1949, no writ). Inasmuch as it is uncontradicted that there was an indebtedness and that the indebtedness resulted from a benefit to the property, we hold that the material facts found by the trial court are sufficient to support the judgment. *Wiley v. Baker*, 597 S.W.2d 3, 6 (Tex.Civ. App.—Tyler 1980, no writ). The trial court did not err in ordering payment for arrearages. Appellant's sixth and seventh points of error are overruled.

■ By cross point appellee complains of the trial court's refusal to award him attorney's fees. Reliance for the recovery of attorney's fees is had upon TEX.REV. CIV.STAT.ANN. art. 2226 (Vernon Supp. 1984).

Article 2226 in part provides:

Any person ... having a valid claim against a person ... on oral or written contracts, may present the same to such persons ...; and if, at the expiration of 30 days thereafter, payment for the just amount owing has not been tendered, the claimant *may*, if represented by an attorney, also recover, in addition to his claim and costs, a reasonable amount as attorney's fees.... (Emphasis ours.)

Appellee's pleadings do not allege a presentment of the claim nor does the record disclose any testimony relative to presentment of his claim so as to invoke the provisions of Article 2226. Nor is there evidence of reasonableness of the fees sought to be collected. Appellee did not show his entitlement to attorney's fees and the trial court did not err in refusing to award them. *See Nettles v. Del Lingco of Houston*, 638 S.W.2d 633, 635–36 (Tex.App. —El Paso 1982, no writ); *Bullock v. Foster*

*Cathead Co.,* 631 S.W.2d 208, 212 (Tex. App.—Corpus Christi 1982, no writ).

 Furthermore, allowance of attorney's fees lies within the sound discretion of the trial court upon a showing of entitlement. *Rick Furniture Distributing Co., Inc. v. Kirlin,* 634 S.W.2d 738, 742 (Tex.App.—Dallas 1982, writ ref'd n.r.e.); *Olivares v. Porter Poultry & Egg Co.,* 523 S.W.2d 726, 732 (Tex.Civ.App.—San Antonio 1975, no writ). Abuse of discretion on the part of the trial court has neither been alleged nor has it been shown. Accordingly, appellee's cross point is overruled. The judgment is affirmed.