NUMBER 13-00-00784-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

 


CHARLES R. WARD III, d/b/a GULF COAST CONSTRUCTION AND RESTORATION, Appellant,


v.


NICHOLAS MARINO, Appellee.

 

On appeal from the County Court at Law No. 4

of Nueces County, Texas.


O P I N I O N


Before Chief Justice Valdez and Justices Hinojosa and Rodriguez

Opinion by Chief Justice Valdez


Appellant, Charles Ward d/b/a Gulf Coast Construction and Restoration, appeals from a take nothing judgment in favor of
appellee, Nicholas Marino. We affirm.

Marino contracted Ward to perform "plumbing repair or reroute" work at Marino's home. The only document which the
parties signed, in connection with this work, was an "Assignment of Interest and Homeowners Authorization." This
document authorized Ward to perform the plumbing work. It also authorized Marino's insurance company to pay Ward
directly for said work. However, the document did not set forth the scope of the work to be performed nor did it list the
contract price. Ward alleges that he completed the plumbing work at Marino's home, but received only partial payment
from Marino's insurance company. Ward filed suit against Marino for breach of contract and sought to collect the balance
of the contract price from Marino. The case proceeded to trial, and a jury found that Marino did not breach his contract
with Ward. The trial court entered judgment on the jury's verdict that Ward take nothing. Ward appeals from that
judgment. We affirm.

In one issue, Ward complains that the trial court erred in allowing parol evidence to be presented which varied,
supplemented, and contradicted the written contract's terms.

The standard of review for the admission and exclusion of evidence is abuse of discretion. City of Brownsville v. Alvarado,
897 S.W.2d 750, 753 (Tex. 1995). For the admission or exclusion of evidence to constitute reversible error, an appellant
must show that the error was reasonably calculated to cause and probably did cause rendition of an improper judgment. 
Tex. R. App. P. 44.1(a)(1). In making this determination, we must review the entire record. McCraw v. Maris, 828
S.W.2d 756, 754 (Tex. 1992). 

Under the parol evidence rule, extrinsic evidence is ordinarily not admissible to add to, vary, or contradict the terms of a
written contract that is clear on its face. Nat'l Union Fire Ins. Co. v. CBI Indus., Inc., 907 S.W.2d 517, 521 (Tex. 1995). 
However, where a writing is incomplete or ambiguous, parol evidence becomes admissible to explain the writing or to
assist in the ascertainment of the true intention of the parties insofar as the parol evidence does not alter or contradict any
part of the written memorandum in question. First Victoria Bank v. Briones, 788 S.W.2d 632, 635 (Tex. App.-Corpus
Christi 1990, writ denied); Patterson v. Patterson, 679 S.W.2d 621, 624 (Tex. App.-San Antonio 1984, no writ); Warren
Bros. Co. v. A.A.A. Pipe Cleaning Co., 601 S.W.2d 436, 438-39 (Tex. Civ. App.-Houston [1st Dist.] 1980, writ ref'd n.r.e.).

In the present case, Ward argued, prior to the commencement of trial, that Marino should not be allowed to offer any
evidence which would add, modify or vary the written contract. The trial court made the following pre-trial ruling: "I'm
going to rule that this instrument on its face needs to be supplemented by other evidence to make it clear. . . . And parol
evidence may be admitted on either side relative to the intention of the parties." 

At trial, Marino testified as follows:

 


 Okay. During that conversation did you ever promise Arne Norem or anyone with Gulf Coast that you would pay
money out of your pocket for this project?


 


 Absolutely not.


 


 Did Mr. Norem agree that the deal was he would take the check from the insurance company from you and he would
require nothing more from you as far as payment.


 


 He absolutely did, and I specifically asked him that - that - that - question.


Ward did not object to Marino's testimony when offered.

An objection to improper testimony must be timely made, the specific grounds therefore stated, and the trial court's ruling
obtained. Tex. R. App. P. 33.1(a); see also Bushell v. Dean, 803 S.W.2d 711, 712 (Tex. 1991) (objection waived when
prematurely made); Top Value Entm't v. Carlson Mktg. Group, 703 S.W.2d 806, 811 (Tex. App.-El Paso 1986, writ ref'd
n.r.e.) (objection waived when not made until subsequent recess and further waived by counsel's cross-examination). 
Under the circumstances in the present case, we find that this issue has not been preserved for appeal. Ward's counsel
raised an objection regarding parol evidence prior to trial, but did not object when Marino's attorney asked Marino several
questions about the oral agreement.

Further, even if this issue were properly preserved for appeal, we would nevertheless find that the trial court did not err in
allowing Marino to testify about the parties' oral representations. While the promises contained in the "Assignment of
Interest and Homeowners Authorization" may be clear, it is not clear that those are the only promises between the parties,
and Marino testified that they were not. The document does not contain any mention of price nor does it describe the scope
of the plumbing work to be performed. Moreover, the document does not make clear whether Marino would be responsible
for any amount not paid by his insurance company. 

Accordingly, we find that the entire agreement between the parties was made partly through a written document and partly
through oral representations. Villarreal v. Art Inst. of Houston, Inc., 20 S.W.3d 792, 796-97 (Tex. App.-Corpus Christi
2000, no pet.). Therefore, we cannot say that the trial court abused its discretion by allowing Marino to testify as to the
parties' oral representations. Ward's sole issue is overruled.

The trial court's judgment is affirmed.

 

ROGELIO VALDEZ

Chief Justice



Do Not Publish.

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 21st day of February, 2002.